Tompkins, J.
delivered the opinion of the court. Admitting that Chase had an equitable interest, still that interest cannot prevail at law against the legal estate. If it appear that the legal right exists in the lessors of the plaintiff, the first and second objections wholly fail. The giving up and cancelling the deed and mortgage between Harris and Stow, either made those deeds perfect nullities, or vested the title again in Harris. If the latter be the case, then the plaintiffs, having deduced a title from Harris, are entitled to recover. If, on the contrary, such re-delivery did not devest the property which had passed by the deed and mortgage respectively; then Harris had the legal estate by virtue of his mortgage from Stow, and by his deed to the lessors, that legal estáte passed and became vested in them. I am inclined to think the latter is the title on which the plaintiffs are entitled to recover. The mere cancelling a deed of lands, does not devest property which has once vested by transmutation of possession,* and, therefore, Harris in my estimation only conveyed to the lessors, or to those under ^0111 t^ey c]a¡m, the right derived under Stow's mortgage to him. The legal estate passes, to the assignee of *87 a mortgage, or grantee of the mortgagee, and he can maintain ejectment thereon.†
The third point, and which was urged with apparent confidence, upon the argument, is that Chase the defendant, was entitled to a notice to quit. He is not a mortgagor in possession, and therefore not within the principle decided in the case of Jackson v Laughhead,‡ relative to a notice to quit to a mortgagor in possession. The relation of landlord and tenant does not subsist between him and the lessors of the plaintiff, for there is no privity between them ; indeed, he claims to hold under a title adverse to theirs. He is not then entitled to notice. Tlae opinion of the court therefore is, that a new trial ought not to be granted.
Rule refused.

 2 H. Blk. 263, 264, Bolton v Calile. 3 Term. 156.

 3 East, 349, Weaver v. Belcher.

 Ante, p. 75.