## Case No. 17,956.

### WOOD v. MAY.

[3 Cranch, C. C. 172.][1]

Circuit Court, District of Columbia. May Term, 1827.

REPLEVIN FOR GOODS DISTRAINED — ACTION ON BOND—DAMAGES.

1. In replevin for goods distrained for rent-arrear, if the jury do not render such a verdict as will enable the court to render the statutory judgment in favor of the defendant, the court may render the common-law judgment for a return of the property replevied; and in an action upon the replevin bond, for not returning the property, the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

defendant may, in mitigation of damages, show that no rent was in arrear.

2. The value of the goods stated in the replevin-bond is prima facie evidence of the plaintiff's damages; and if the defendant should contend for a less amount, the burden of proof is on him to show it.

[Cited in Cyclone Steam Snowplow Co. v. Vulcan Iron Works, 52 Fed. 923.]

3. If the jury, in replevin, do not find the value of the goods distrained, their finding of the amount of rent in arrear is surplusage.

Debt, on the replevin-bond of Mrs. Arguelles and her sureties. The defendant, one of the sureties, pleaded three pleas: (1) That the plaintiff in replevin did prosecute her writ with effect; (2) that she did not make a return of the goods replevied; and (3) no such record of a judgment for a return. Upon these pleas issues were joined; and, upon the trial,

Mr. Hall, for plaintiff, contended that the value of the goods was the measure of the plaintiff's damages upon the issue on the second plea; and that the amount stated in the bond is evidence of the value.

Mr. Jones, for defendant, contra.

THE COURT (nem. con) said, that if the jury should find the issues for the plaintiff, the value of the goods stated in the bond is prima facie evidence of the amount of the plaintiff's damages; and that, if the defendant should contend for a less amount, the burden of proof is on him to show it. In the action of replevin of Arguelles v. Wood [Case No. 520], in which this bond was taken, the defendant avowed for rent-arrear, and upon that issue the jury found for the defendant, and one cent damages, and that the rent arrear was $140, but did not find the value of the distress, so that the court could not render judgment under the statute 17 Car. II. c. 7; but the court rendered the common-law judgment, for a return of the property. The present action is upon the replevin-bond given by Mrs. Arguelles in that case.

THE COURT having given the above opinion, Jones & Wallach, for defendant, offered to prove that the rent was all paid; to which Hall & Key, for plaintiff, objected, contending that the verdict rendered in the case of Arguelles v. Wood was conclusive evidence that $140 rent-arrear were due.

But THE COURT (THRUSTON, Circuit Judge, absent) was of opinion, that so much of the finding, namely, that $140 rent were in arrear, was mere surplusage, inasmuch as the jury did not also find the value of the distress, so as to make it a material finding under the statute, and to enable the court to render the statutory judgment; and that it was now competent for the defendant to show in mitigation of damages, that less rent was due; the question upon the issue of no rent-arrear being whether any rent be in arrear, and not whether any particular sum be due. See Starkie, Ev. pt. 4, p. 1297.

Verdict for the plaintiff $140, with interest from 25th July, 1823; and judgment accordingly.