BRUEN, executor of Smith, *vs.* BOKEE, survivor of Lockwood.

Where joint debtors are sued, some of whom are not served with the process or declaration, and judgment is obtained against all pursuant to the statute; such judgment does not prevent the running of the statute of limitations in respect to the defendants on whom service was not made.

Therefore in debt on a judgment against a defendant not served with process in the former suit, he may plead that it was recovered without the service of process on him, and that the cause of action did not accrue within six years next before the commencement of the suit on the judgment.

In such a suit a defendant may, by a plea showing the want of service of process in the first suit on him, set up any defence which he could have made, against the original demand, if no judgment had been recovered upon it. *Per* BRONSON, C. J

Bruen *v.* Bokee.

DEBT on a judgment in this court recovered by the testator in his lifetime, against the defendant and William Lockwood, since deceased, and whom the defendant has survived, for $571,75. The judgment was recovered in February term, 1827, in an action upon promises. The defendant pleaded several pleas. The fourth plea alleged that the original action was commenced by *capias ad respondendum* which was served upon Lockwood alone, the defendant being returned by the sheriff not found; that the defendant was not served with process, and did not appear in that action; and that the causes of action set forth in the declaration of the testator did not, nor did any or either of them accrue at any time within six years next before the commencement of *this suit.* Demurrer and joinder.

*G. R. J. Bowdoin,* for the plaintiff.

*B. D. Silliman,* for the defendant.

*By the Court,* BRONSON, C. J. This case presents a question of some difficulty. It arises under the former joint debtor act. (1 *R. L.* 521, § 13.) I have before had occasion to say, that when the plaintiff proceeds to judgment under that act, against a defendant who is not brought into court, there is no principle upon which the judgment can be allowed to have any other effect, as against such defendant, than that which has been given to it by the statute; to wit, a means of reaching the joint property of all the defendants. (*Mervin* v. *Kumbel,* 23 *Wend.* 295, 6.) But it was admitted then, as it must be now, that the rule has, to some extent, been settled otherwise. The plaintiff may sue on the judgment; and if the defendant, who was not brought into court in the first action, does not, in pleading, deny his original liability, the judgment alone will be sufficient evidence to entitle the plaintiff to a verdict. He need not prove the original demand. (*Dando* v. *Tremper,* 2 *John.* 87; *Bank of Columbia* v. *Newcomb,* 6 *id.* 98; *Taylor* v. *Pettibone,* 16 *id.* 66.) But the defendant, who was not arrested in the first action, may so plead as to put the plaintiff to the proof of

the original indebtedness. (*Carman* v. *Townsend*, 6 *Wend.* 206, *in error; S. C. in this court*, 6 *Cowen*, 695.) Although the decision did not necessarily go so far, this doctrine was distinctly laid down by the chancellor, and was denied by no one. It is founded in the plainest principles of justice. A man should never be concluded, or put to any damage, by a judicial proceeding where he had no opportunity to be heard. These parties have yielded their assent to that doctrine. The defendant's third plea is, that he did not undertake and promise in manner and form as Smith, the testator, complained against him in the first action; and the plaintiff has replied, that the defendant did undertake and promise in manner and form, &c. Upon that issue the plaintiff holds the affirmative, and the *onus* is upon him to prove the original indebtedness. There is also a fifth plea, that the causes of action upon which the testator sued did not accrue at any time within six years next before *that* suit was commenced; and to that plea the plaintiff has replied, tendering an issue to the country. The burden will clearly lie on him of proving a promise within six years before *that suit was commenced.*

The fourth plea, to which there is a demurrer, makes a different question. It is, that the causes of action on which the testator sued did not accrue at any time within six years next before the commencement of *this* suit. That presents the inquiry, whether, as against this defendant, the recovery of the judgment prevented the running of the statute of limitations. This question, though new in form, is answered by the principle asserted in *Carman* v. *Townsend.* When the defendant who was not arrested in the first action pleads in a proper manner, the judgment has no force as against him; and the plaintiff must make out his right to recover by other evidence. If the defendant may deny the original indebtedness, and put the plaintiff to the proof of it without the aid of the judgment, there is no good reason why he would not also be entitled to the protection of the statute of limitations.

This doctrine imposes no unreasonable hardship upon the creditor. He is not obliged to proceed with his suit until all

Bruen *v.* Bokee.

the defendants have been brought into court. And if he elects to go on before all have been served with process, there is nothing to hinder him from bringing a fresh action on the judgment without delay, and thus obtaining record evidence against all the parties. If he neglects to do so, he has no ground for complaint that a defendant who is called upon to answer for the first time, should give any answer which would have been available to him if no judgment had been recovered.

When the judgment has been recovered under the presen joint debtor act, (2 *R. S.* 377, § 1, 2,) the plea of *nul tiel record* by the defendant who was not arrested in the first suit puts the plaintiff to the proof of the original liability of such defendant. The judgment itself is no evidence of that fact. (*Mervin* v. *Kumbel,* 23 *Wend.* 293.) But when the judgment was recovered under the former statute, and the defendant pleads nothing but *nul tiel record,* (*Dando* v. *Tremper,* 2 *John.* 87,) or that he was not brought into court in the first suit, (*Bank of Columbia* v. *Newcomb,* 6 *id.* 98,) the plaintiff may recover upon the judgment alone, without any further proof. But the defendant may so plead as to secure to himself every defence and advantage which he would have had if the judgment had not been recovered. Any other rule would give to the judgment an effect beyond the requirement of the statute; and one which would violate that great principle in jurisprudence which forbids that a man should suffer, either in his person or estate, without first having had an opportunity to be heard in his defence.

In this case the defendant has shown by his fourth plea, what does not appear from the declaration, that he was not served with process, and did not appear in the first suit. This opens the way for a defence against the original cause of action; and the defence is, that that cause of action did not accrue within six years before the commencement of this suit. Unless the plaintiff is prepared to show a new promise, or something else to take the case out of the operation of the statute of limitations, the defendant, who is now called into court for the first time, has a good defence.

Judgment for defendant.