Duer, J.
I hold, myself bound by the former decisions of this Court, and" also fully concur in them, as to the right of the plaintiff upon the questions involved, except so far as I am constrained to follow what I may deem obligatory upon this Court, in' the recent decision in the Court of Appeals. That decision certainly does not settle that an action of debt, would not lie against Young and Baker upon this judgment; but leaves that an open question in the Court above, without disturbing the rule settled here in favor of the action. But it has settled against the plaintiff the question which his counsel now requires me to decide in his favor. It has settled. that the record now offered in evidence does not supply the proof that must be given in order to sustain his action, namely, that the demand which he seeks to recover arose upon a judgment. It may be doubted whether I ought to have listened to the letters that have been read, so far as they differ from the printed report, but even these letters show conclusively that five of the Judges arrived at the conclusion that the plaintiff’s demand, as against Baker, arose upon the original contract, and not upon the judgment, and that upon this ground they concurred in reversing our judgment and ordering a new trial. It therefore cannot be denied that the Court of Appeals has said that the evidence which I am now asked to receive ought to be excluded: It may be true that its members arrived at this result by different processes of reasoning, and that the reasons, which have been given when separately considered, are not entirely conclusive, and when compared, are not easy to be reconciled, but were such my own conviction, it is a conviction upon which, as a judge of a sub *3 ordinate tribunal, I should have no right to act. I should violate my own duty were I now to make a decision in direct hostility to that which the Court of Appeals, whether rightly or erroneously, has certainly pronounced. • I must therefore say that this record is not evidence that the plaintiff’s demand arose upon a judgment, and, as & necessary consequence, that he must be nonsuited.
H. P. Hastings, and S. Jones, for the plaintiff,
on moving for a new trial, made and argued the following points :—
I. The plaintiff’s demand did arise on judgment as against both Young and Baker. 1. The plaintiff’s right to recover in this action is identical with his right to recover the demand claimed and sworn to against Young and Baker (2 R. S. 12, § 57, Pr. Mullett, J. in this case, 4 Com. 524). 2. It is the character of th| demand and not the evidence that is required to be stated in the petition, to give jurisdiction. (2 R. S. 3, § 3.) 3. “ Arising on a judgment rendered within this State,” means on any of the judgments authorized by statute to be rendered in this State, including a joint debtor judgment. 4. Whether the judgment of itself proves the demand upon it, has nothing to do with the question. The statute had a right to say, that an action might lie on the judgment, if certain other proof was made, and has said so, by providing for the force and effect of the evidence in such action. (2 R. S. 377, § 2. 11 Howard, 165, Ketcham v. Darcy, 7 Paige, 449.) 5. An action of debt does lie against both debtors upon the proof offered, Pr. Gardner, Gray, Jewett, and Paige in the Court of Appeals in this *4 case, and all prior authorities. 6. An action upon judgment, is a demand upon judgment; and the action of debt upon the judgment, arises upon the judgment, for it could not exist before, and no other action can lie for the same or the prior debt, at the same time. Therefore, the demand against the debtors arises on the judgment. It is but one demand against both, and must be on judgment against both or neither.
*3 I am satisfied that it is expedient that this decision should be made in the present stage of the cause, since if it shall be taken again to the Court of Appeals, it will go there upon the single question upon which the nonsuit is founded, disembarrassed of the question as to Baker’s partnership, which seems to have influenced some of the judges above, and might again, if the plaintiff were allowed to obtain a verdict and judgment, and leave the defendant to appeal. It is possible that the Court of Appeals may be disposed to reconsider its decision, and that the learned and able arguments which, situated as I am, I have been constrained to reject, may there be successful.
*4 H. The plaintiff was équally entitled to recover, whether his demand, in the technical sense, was one arising upon contract or upon judgment. 1. 2 R. S. § 3, allowed the attach.ment on the application of any creditor “having a demand-arising upon contract, or upon a judgment, or decree rendered within this State,” and the plaintiff certainly had such a demand. 2. Section 4, required the affidavit to specify the sum due; but not whether the debt was upon judgment or upon contract, as either authorized the attachment. 3. It has been held, that the nature of the- indebtedhess must be stated, i. e. so fkr as to show the claim to be one within the statute. 4. A statement in the alternative, that the debt arose either upon contract or upon a judgment or decree rendered within- this State, would have been sufficient within the statute and the principle of the decided cases. '5.,The bond given on dissolution of the attachment is a substitute for the remedy of the creditor against the attached property, and intended to be at least commensurate with such remedy. (2 R. S. 11, § 54 to 57 inclusive.) 6. If the attaching creditor had sworn to a debt on contract, and the attacb.nj.ent was not dissolved, he could prove his demand though it turned out to have been on judgment, and so vice vwsd ; for aE the estate is to be distributed amongst all the -creditors; and as the affidavit gave jurisdiction, the attaching creditor wordd not lose his debt by a quibbling variance. 7. The condition of the bond is to pay the amount justly due and owing “ on account ” of any debt claimed and sworn to; and by recurring to § 4, which required only the amount of the debt to be sworn to over and above all.(discount, •it is obvious that the words “ any debt ” in § 55, mean the sum claimed and sworn to, and not the kind and quaEty of the debt. 8. The words “ on account ” of any debt, &c., show that the form of the debt heed not be the same, and that anything due *5 on. account of the debt claimed or sworn to, or in other words, the claim of the creditor was intended to be secured. 9. It was not required that the affidavit should be as particular as a declaration, and that the bond should provide to pay any debt in the same form as the one sworn to, but only to bring the creditor within the statute, so as to give jurisdiction and to fix the sum which must be secured by the bond in order to dissolve it, &c. 10. No misdescription of the debt should, therefore, be held to prejudice the creditor, unless it was such that the debtors could be misled, as to what demand or claim in fact was intended, and thus induced to give the bond when it would not otherwise have been given. 11. Confessedly, the plaintiff had a judgment to all intents and purposes, as against Young, for the demand in fact claimed and sworn to ; and if Baker was the partner of Young, and jointly contracted the debt upon which . the judgment was obtained, he must be deemed to have known what his partner knew in respect to the debt, and consequently knew of the judgment, ancl that the plaintiff claimed the debt for which it was recovered; and he could not, therefore, have been misled. ■ 12. If the law had required the affidavit to set forth the demand, as in a declaration, and it had stated the judgment as the declaration does, to have been.recovered for non-performance of certain promises and undertakings of Young & Baker, then lately made, even if the judgment had been void for want of jurisdiction, the claim would have remained good upon the contract; and as the law did not require this particularity, the affidavit is as good without it as with it. 13. Being entitled to recover this debt under this bond, as a question of pleading and evidence, all the issues .formed upon the breach assigned, would have been well enough proved by the evidence offered; and besides the objection upon which the evidence was excluded, was put upon the ground, not that the proof would be a variance from the breach alleged, but that it would not prove such a debt as claimed and sworn to in the petition and affidavit. ' If the objection had been for variance, the pleading might have been amended, and hence that objection is obviated. 14. There was no substantial variance requiring any amendment, even if the demand technically did arise on contract as to Baker; for the second plea to the count is mil tiel record to the aver *6 ment of the judgment, recovered upon promises of Young & Baker, which issue is held proved hy the evidence offered, in Merwin v. Kumbell, and by Jewett and Paige, two of the three voting to reverse; the fourth and fifth pleas take issue on Baker’s liability, and the sixth upon the debt claimed and sworn to being due, and not upon the judgment; and as this last was the only issue which need have been presented or taken, any evidence showing a right to recover under the bond sustains the issue. 15. This point never having been before raised, camiot be deemed settled by the reversal'. (U. S. v. Moore, 3 Cranch, 172; Durousseau v. U. S., 6 id. 317, 5 Peters, 219.)
EH. The Court of Appeals, in deciding this case, or rather in reversing the judgment, have held nothing, and settled nothing, to the contrary of either of the above propositions. 1. Ho opinion of the court was given in the case, because no principle was agreed on. 2. It was not the court, but five judges individually, who said the demand did not arise on judgment; and they said so, not because they agreed, but because though they disagreed, what the law was, as to an action of debt on the judgment arising as against the debtors, still two who said it did not, did not know that a demand arose when an action did. 3. The court might have said, “ Ho action arose or would lie upon the judgmentand if they had, that would have settled the matter; but it did not say so ; and only three judges did, out of eight; so it might have said “ an action of debt on the judgment does lie, by virtue of the statute; but still, it was not enough that the plaintiff could have maintained an action, in the form he swore to his demand, against the debtors, but he should have sworn to a demand on contract, though he proved one on judgment but it did not say so; Jewett and Paige alone said this; and it cannot be deemed immaterial whether three others concurred with them or not. The court did say, “ the judgment is reversed, and a new trial orderedand it said no more. This appears by the record and remittitur, which also show, that nine or more distinct points were raised and presented for the adjudication of the Court of Appeals, the decision of any one of which for the appellant would have caused the reversal. This record is the only authoritative direction to the court below. (Davis v. Packard, 10 Wend. 50 S. C., 6 Peters, 41, 7 id. 276; *7 4 Hill, 271, Hamford v. Archer) 4. Ho case is conclusive authority, except as to those points which appear by the record of the judgment to have been necessarily decided, in and by the judgment; and no amount of opinions delivered, not by the court, or at the time of the judgment, but got up and reported afterwards, by judges on their own responsibility, can be regarded as authority, for any purpose ; particularly where, as in this case, they do not even come under the sanction of an official reporter. (Warner v. Beers, 23 Wend. 103; Gifford v. Livingston, 2 Denio, 380; Bridge v. Johnson, 5 Wend. 342; Mackie v. Cairnes, 5 Cow. 547; 11 Wend. 504; 7 Barb. 279; 4 Hill, 197; Rome on Judgments, 20, 132, 3; 17 W. 574; 20 W. 159 ; 26 W. 415.) 5. This court cannot say, the law is that no action of debt will lie on this judgment, for the cases and the statute are the other way; and but three judges of the Court of Appeals say so. It must say, the law is that an action of debt does lie upon the judgment. That being so, it cannot say, the plaintiff must swear to a demand on contract, when he could establish no demand as against the debtors, except on judgment; for but two judges of the Court of Appeals have said so. 6. If the plaintiff should attach for this demand to-morrow, and swear to a demand arising on contract, this case would be no protection against his being defeated; for when the case is cited as authority, it will be answered that no case is authority independent of the principle upon which it is decided. And, though five judges said the demand did not arise on judgment, three of them said so only, because they held that no action would lie upon it; and admitted the principle, that if the plaintiff could recover in debt on the judgment, the demand did arise on it. Their opinion has not prevailed, and is not a rule of law; therefore their conclusion goes for nothing. The other two say, the demand does not arise on the judgment, but an action does; but their opinion did not prevail, and therefore their conclusion goes for nothing; and the case settles nothing. (Pr. Verplank, Senator, in Priest v. Cummings, 20 Wend. 361; Jones v. Mason, 3 Com. 375; this case 3 id. 569; Supervisors of Onondaga v. Briggs, 2 Denio, 28; Butler v. Van Wyck, 1 Hill, 462; Moss v. McCullough, 7 Barb. 289; Pr. Bronson J. in Vance v. Phillips, 6 Hill, 437; 9 Cow. 221.) 7. If the case settles for law, that *8 the demand does arise on contract, it must also settle that no action of debt will be upon the judgment (with but three judges in favor of the proposition), or it must also settle the greater absurdity, that the action arises on the judgment, but the demand on .the contract (with but two judges in favor of the proposition); and as there is just as much reason for holding that it settles one as the other, it cannot be held to settle' either. 8. His-Honor the judge has therefore erred in holding, that he must declare not what the law is, as enlightened by the principles held by the Court of Appeals, but what those particular five judges of that court would will to do, if they sat here; and a new trial should be granted. 9. The necessary effect of five judges having the power to reverse, each arriving at the same conclusion, but in consequence of assuming different and distinct points, contrary to the law as held, and settled in the court below, but in neither of which a majority of the court concur, must be that the judgment be reversed, and a new trial ordered, leaving all the points open; and what the effect of the ¡reversal as authority in such cases is, cannot be settled by the case itself, but is open for original adjudication. 10. The judges voting to reverse did so upon questions which were open in that court, and upon which they might act according to their own opinions; but in this court the law upon each question is settled the reverse of those opinions; and neither of them is the opinion of the court. If the same judges had sat in this court, they must have held the other way, as this court must, in obedience to the law as settled here. (5 Peters 292, Smith v. U. S.) 11. This court has once given a judgment according to settled law. It has been reversed without overturning the principle upon which it was based. They should hold fast to their principles till clearly overruled, and not defeat justice upon a doubtful construction of five opinions of judges.
IV. If necessary, we maintain, without hesitation, that the opinions of the five judges against the plaintiff are' so directly in the teeth of the law, that no court, from the Court of Appeals to a justice of the peace, should regard them as any authority whatever. 1. Bronson’s opinion is directly against the letter of the statute, which sanctions an action on the judgment, by providing for the effect of the judgment, as evidence in the *9 same action, as against debtors served and not served (2 R. S. 377, § 2). 2. He admitted, in Merwin v. Kumbell (23 Wend. 293), that under the old statute the law was too firmly settled to be disturbed, that the action did lie. 3. He as distinctly admitted, that if the defendant not served had denied his liability in the prior cases, it never would have been held that the judgment was primá, facie evidence; which means, that it never was so held; for it could not be held - evidence when no evidence was required. 4. He admitted that there was no-ground for holding differently under the Revised Statutes from the former decisions that debt would lie, except that the old statute gave greater effect to the judgment than the new. 5. In Bruen v. Bokee (4 Denio, 56), the Supreme Court held, that the old statute must be held to have no greater effect than the new, and that the statute of limitation might be pleaded to the original cause of action. 6. The majority of the court in Merwin v. Kumbell actually judicially decided the point that debt did lie under the Revised Statutes, and that a plea that the defendant was not served and did not appear was bad on demurrer. 7. This was a point of no practical importance, as he admitted in that case: and if so,.of course there was no pretence for overruling the decision after ten years; yet he and Mullet are for overruling it, though he asserts, mistakenly, that the point was not necessarily decided. 8. Jewett’s opinion holds, that the plaintiff had an action of debt on the judgment. 9. An action is defined “ a legal demand of one’s right.” 10. The plaintiff’s legal demand of his right, to recover on this judgment accrued when he recovered the judgment, and arose therefore upon the judgment. 11. The holding that, after the plaintiff obtained this right of action on the .judgment, he still had a demand (that is, a right of action) upon the original contract, and that he must swear that his demand then was one arising on contract, is too grossly absurd to need refutation; and though solemnly put- forth'by J. Jewett, is not assented to by either Bronson or Mullet, in their opinion for reversal. Judges Jewett and Paige stand alone in this new position. 12. As their opinion confirms the authority of Merwin v. Kumbell, that the record, and evidence of joint liability, justify a verdict for the plaintiff upon nul tiel record pleaded to a declaration *10 in debt in the common form, they sanction a verdict for the plaintiff upon the same issue, upon the breach assigned in this cause, but would require a verdict for the defendant under the sixth plea of nil debet, and then the record would read that the plaintiff did recover the judgment against Young & Baker upon their joint promises, of which .they were convicted as appeared of record, and which was not paid, but still Young & Baker were not indebted to the plaintiff on account of the debt claimed and sworn to, though that was claimed on the judgment. 13. If the opinion of the whole court may be overruled when clearly contrary to law, as held by Judge Bronson in Buker v. Van Wyck (1 Hill, 462), and by Harris J. in Baker v. Lorillard (4 Com. 257), with how much more force may the court be urged to disregard the individual opinion of judges, not concurred in by a majority of the court %
V. The plaintiff had a right to give any evidence which proved, or tended to prove, either issue joined; and the exclu-. sion of competent evidence for such purpose was erroneous, and entitles the 'plaintiff to a new trial. 1. To prove the issues formed by or upon the third, fourth, and fifth pleas to the second count, evidence of Baker’s joint liability with Young for the debt upon which the judgment was recovered, was all that was required; the exclusion of Young’s deposition offered to prove these issues was erroneous; and the plaintiff had a right to take his exception, and stop there. The court might dictate the order of evidence,to prove an issue, but had no right to dictate which issue should be proved first. 2. Under the second plea to the second count, the record, with other evidence of the joint liability of Baker, was admissible, even according to the opinions of two of the judges voting to reverse, and the exclusion of it was erroneous, and entitles the plaintiff to a new trial. 3. Under the issue formed by the sixth plea to the second count, the evidence offered was admissible (if any evidence was required), and the exclusion of it was erroneous.
YI. The plaintiff had a right to a verdict on all the issues he did or could prove, and a nonsuit was improper, even if one of the issues should have been found against him. The plea may have been bad after verdict, and on trial or bill of" exception the sufficiency of the pleadings will not be examined.
J. P. Hall, for defendants,
declined to reply, considering the decision of the Court of Appeals as conclusive.
Sandford, J.
The condition of the bond on which the suit is brought is, that the defendants shall pay the plaintiff the amount justly due and owing to him by John W. Baker and John Young at the time he became an attaching creditor, on account of any debt claimed and sworn to by him in his application for the warrant of attachment against Young and Baker.
The plaintiff’s petition for the attachment set forth that the plaintiff had a demand against Baker and Young, arising upon a judgment rendered against them, in his favor, in the Supreme Court. The affidavit of the plaintiff, annexed to the petition, stated that the facts set forth in the petition were true, and that Baker and Young were indebted to him in a sum specified, arising upon a judgment rendered in the Supreme Court against them, in favor of the plaintiff. In order to prove that he had such a demand against Baker and Young as is described in the condition of the defendants’ bond, the plaintiff read in evidence the record of a judgment against them, in his favor, in the Supreme Court, corresponding in date and amount with that described in the petition and affidavit, but which disclosed on its face that Baker was not served with process, and that he did not appear in the suit. It Was a judgment entered against two joint contractors, pursuant to the statute relative to suits against joint debtors, on service Of process upon one only.
The same evidence was given on the former trial in this court, and the defendants then objected that the plaintiff had not proved such a demand against Baker and Young as was claimed by him in his petition for the attachment. We overruled the objection, and our judgment having been removed to the Court of Appeals, it was there reversed and a new trial ordered. (4 Comst. 513.)
From the published opinions of the judges of that court, delivered on deciding the cause, as well as from the letters of certain of the judges read to us on the argument, it is perfectly clear a majority of that court decided that the record of judgment produced -in evidence at the trial did not, with the other *12 testimony given, prove that the plaintiff, at the time he became an attaching creditor, had such a debt against Baker and Young as that claimed and sworn to by him, in his application for the attachment. In short, that the testimony on the part of the plaintiff did not support the issue made by him on this point in the pleadings.
On the last trial, the plaintiff relied upon the same testimony, _ and no other, to maintain his suit.
Can we, in the face of the decision of the Court of Appeals, hold that the evidence proves this issue in favor of the plaintiff?
Were we at liberty to act upon our judgment, we should have no hesitation in deciding as we did before. Our opinion then expressed has been strengthened by the perusal of” the opinions pronounced in the appellate court. It is also undeniably true, that those opinions, concurring in a reversal of our judgment, are irreconcilable in reasoning, if not in principle, and that not more than three of the eight judges of that high tribunal have concurred in any principle applicable to the case.
But in our view of our duty, these circumstances do not relieve us from the effect of their decision. A majority of that court has pronounced a judgment, which must be, to us, the law of this case. It is a judgment clearly ascertained, directly upon the point in question; and although the five judges may have arrived at the conclusion by diametrically opposite reasoning, and on inconsistent views of the law, they have concurred in saying, that we erred in holding the record of the plaintiff’s judgment, in connexion with the other testimony, to be' evidence of a demand against Baker and Young, arising upon judgment.
We think we should be wanting in that deference to authority, and that respect which a subordinate court should always manifest towards a higher tribunal, if we should take it upon ourselves to decide this cause contrary to the result in which those judges concurred.
Yielding, therefore, to the force of a superior authority, we must affirm the ruling at the trial made in accordance with the decision of the Court of Appeals.
The motion for a new trial must be denied.
Duee, J. concurred.