## FAIRCHILD *a.* DURAND.

*New York Superior Court; Special Term, April,* 1859.

REMOVAL OF CAUSES.*—PROCEEDINGS AGAINST JOINT DEBTORS.

Where there are several defendants, real parties in interest, each of them must be a resident of a different State from that of the plaintiff, to entitle a defendant to have the cause removed to a Federal court.

The plaintiff, a resident of this State, sued in a State court three defendants, of whom one was also a resident of this State, and the other two were residents of other States. The action was upon a joint indebtedness, and upon service of summons on the resident defendant alone, the plaintiff obtained judgment against all, and afterwards served the other defendants with summons to show cause why they should not be bound by the judgment.

*Held,* that the defendants so served were not entitled to have the cause removed into a Federal court on ground of their residence. Such proceeding is not a new action against only the defendants so served, but a further proceeding in the old action.

---

* In the case of DISBROW *a.* DRIGGS (*New York Superior Court; Special Term, September,* 1858), the practice respecting the removal of causes from State to Federal courts was discussed on an application made in that cause for its removal to the United States Circuit, and the following opinion was rendered .

HOFFMAN, J.—1. The agreement of the plaintiff and his attorney, made upon the application of the defendant, as well as his attorney, that the defendant have further time to answer, there being no notice of appearance given, nor any other step taken on the part of the defendant, is not the *entering* of an appearance, so as to preclude the application to remove the cause under the act of Congress. (5 *Duer,* 605 ; 3 *Ib.,* 686.)

2. It is settled in our State, that a notice of retainer given by an attorney for the defendant does not prevent the application (cases cited, *Ib.*)

Fairchild *a*. Durand.

Application to remove the cause to the Circuit Court of the United States.

The facts are stated in the opinion.

*Mr. Curtis*, for the motion.

*Mr. Nicholls*, opposed.

HOFFMAN, J.—The defendants, Charles Durand, George Rice,

3. The State court is to be satisfied of two things : first, the alienage or citizenship in another State of the petitioner; next, that the sum in dispute exceeds five hundred dollars. It is true that the language appears to refer to the latter fact only, but the true interpretation must be, that both facts, the establishment of which renders it the duty of the State court to make the order, are to be made out to its satisfaction.

4. The mode of satisfying the court is not prescribed or indicated. As to the sum in dispute, the Court of Common Pleas, in Kanouse *a*. Martin, received an affidavit of the plaintiff as to what was demanded, and Chief-justice Bronson approved of the course, and adopted the conclusion. But the court in that case permitted the declaration to be amended after a petition to remove had been presented, reducing the damages below $500, and this was held by the Supreme Court of the United States to be error. (15 *How.* (*U. S.*) *R.*, 257, 1853.)

A similar course had been taken in a case in Massachusetts, to that pursued in Kanouse *a*. Martin, in New York. (Ladd *a*. Tudor, 3 *Min.* & *W.*, 328, 1847.) Whether it would be justified under the decision in 15 *Howard*, may admit of doubt. The rule then is settled, that the demand of the plaintiff in his declaration decides the sum in dispute.

But in cases where this test is not applicable, the mode of satisfying the court must be open to its own course of proceeding in ascertaining facts. No doubt the ordinary and general mode would be by affidavits. Under our system, a reference could be had, I think, in a proper case of difficulty, under section 271 of the Code.

5. These observations apply equally to the other fact to be made out, viz., citizenship or alienage. In the case of Ladd *a*. Tudor, before cited, the learned judge noticed the sworn petition as the first piece of testimony of a residence in New Hampshire ; next, that the plaintiff had in his writ described the defendant only as *commorant* in Massachusetts ; and lastly, observed that the plaintiff had not denied the allegation of the petition in any affidavit. I do not doubt, that the fact of citizenship is a fact which may be traversed, and if traversed, is to be inquired into and passed upon by the court, in one or other of its methods of ascertaining facts.

6. These and other considerations have led to the adoption of the rule in this court, not to grant an order of removal without notice, or on order to show cause.

In the present case, I am satisfied, upon the affidavits, that the residence and citizenship of the defendant elsewhere are made out.

and George H. Bartholomew were partners under the firm-name of Charles Durand & Co. They gave their promissory notes to the plaintiff, on which the action was brought. The summons was served on Bartholomew, on the 6th of June, 1856, and on the 23d of that month, copies of the summons were delivered to the sheriff of the county of New York to be served on the other defendants, but they could not be served on account of their absence. On the 2d of July, 1856, judgment was entered against Bartholomew for want of an answer, a transcript filed, execution issued with directions to levy on property of the defendants held jointly. Bartholomew was a resident of the city of New York when served, and is now a resident of Westchester county in this State. On the 6th of August, 1856, a summons was delivered to the sheriff for service, requiring the other defendants to show cause why they should not be bound by the judgment. This could not be served. On the 5th of January, 1859, a similar summons was issued, which was served upon the defendant Durand on the 22d of April, 1859.

The defendant Durand now presents his petition, entitling the action as against himself and *Rice* only, to have the action removed, setting forth the service upon him of the summons on the 22d of April; and that the plaintiffs are inhabitants of the State of New York, and of the southern district of that State, and the defendant Rice is an inhabitant and citizen of the State of Illinois, and resides at Chicago; and he, the defendant Durand, is an inhabitant and citizen of the State of Connecticut, and resides at New Haven in that State; that the matter in dispute exceeds the sum of $500, &c. He enters his appearance, and gives his bond as prescribed.

The rule stated by the plaintiff's counsel appears to be fully settled in the courts of the United States, that if there are several defendants, real parties in interest, each of them must be a resident of a different State from that of the residence of the plaintiff, to authorize a removal. (Commercial Bank *a.* Slocomb, 14 *Peters*, 60; Wilson *a.* Blodget, 4 *McLean*, 363; Ward *a.* Arredondo, 1 *Paine's C. C. R.*, 410.) Hence, it is clear, that if the cause was now proceeding against all the defendants, without any judgment against Bartholomew, it could not be removed.

Section 375 of the Code is, "that when a judgment shall be recovered against one or more of several persons jointly indebted upon a contract, by proceeding as provided in section 136, those who were not originally summoned to answer the complaint, may be summoned to show cause why they should not be bound by the judgment, in the same manner as if they had been originally summoned.

"Section 136 directs, that if the action be against defendants jointly indebted upon contract, the plaintiff may proceed against the defendant served (unless the court otherwise direct); and if he recovers judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served, and if they are subject to arrest, against the persons of the defendants served."

Section 377 of the Code prescribes the form of the summons and time to show cause, under sections 375 and 376, and that it is to be served in the like manner as the original summons. Section 379 directs that the party summoned may answer, denying the judgment, or setting up any defence which may have arisen subsequently; and in addition thereto, if he be proceeded against according to section 375, he may make the same defence which he might originally have made to the action, except the statute of limitations.

The case of Oakley a. Aspinwall arose under the joint debtor act of 1830, and was first before the Superior Court in May, 1848. The result now seems to be, that a judgment against one of two joint debtors, the other not being served with process, is no evidence of the liability of the latter. The essential nature of the demand is not changed by such a judgment as against the party not served. (3 Kern., 500.)

Yet Mr. Justice Bosworth in the same case, Oakley a. Aspinwall (1 Duer, 48), pursues a line of reasoning showing, I think, conclusively, that under the sections of the Code now in question, the judgment is evidence presumptive at least of the liability, although every defence except the statute of limitations may be set up affirmatively by the party newly brought before the court. In truth, the rule as expressed by Chief-justice Bronson in Bruen a. Bokee (4 Den., 56), is the true interpretation of these provisions: "The plaintiff may sue on the judg-

ment; and if the defendant who was not brought into court in the first action (*by the original summons*), does not, in pleading, deny his original liability, the judgment alone will be sufficient evidence to entitle the plaintiff to a verdict. He need not prove the original demand."

Section 380 also provides that subsequent pleadings and proceedings may be the same *as in an action;* and the issues may be tried, and judgment may be given, in the same manner *as in an action.* So section 381 keeps up the distinction, by preserving the analogy to an action.

In Sturgis *a.* Hocks & Titus (*Special Term, January,* 24, 1854), when a newly served defendant failed to appear, the judgment, approved on consultation, was, reciting the original judgment, service of summons, omission to appear, and adjudging that Titus was bound by the judgment so entered in the same manner as if he had been originally summoned.

I do not find that the view of the learned judge as to the Code has been shaken by the decision in Oakley *a.* Aspinwall, nor any thing else I have found.

It is true that the action cannot be said properly to have been commenced as regards the other defendants, until service of the summons (§§ 127, 139).

But the theory of the Code then appears to me to be this: the action is one and single; the judgment on service upon a joint contractor is available as to joint property, thus far affecting the absent debtor. The proceeding under chapter 11 of Title 12 is a proceeding in that action, not a new action. (See the heading of Title 12.) It is the continuance of the same identical action, by means of provisions for bringing in at a subsequent period other of the defendants to that action; Bartholomew remaining upon the record a party to the cause. He is a citizen and resident of New York; and as the objection would be fatal to the removal before the judgment, it must be equally so now.

There is, however, great force in the argument, that the action is finally at an end as to Bartholomew; even the right of appeal gone. And then the whole cause is really between the plaintiffs and these defendants.

But suppose the judgment was shown on the new proceedings to have been without ground of fact or law, is it clear that it

would be perfectly operative as to Bartholomew? See the cases
1 *Hoff. Pr.*, 554, and note; and Lingan *a.* Henderson (*Bland's
R.*, 254).

The result of my examination of this question is, that the
case is not within the act of Congress, and the application must
be denied.

Order accordingly.