LYDIA S. NEWMAN, APPELLANT, *v.* LE GRAND MARVIN, RESPONDENT.

*Failure of parties — power of court or referee to bring in new parties — Laches — Statute of limitations.*

This action was brought to recover moneys belonging to the plaintiff, alleged to have been received by the defendant. Upon the trial, before a referee, it appeared that the money had been received by the defendant and one George L. Marvin as partners. A motion on the part of the plaintiff to have the latter brought in as a party was denied by the referee, on the ground of want of power. *Held,* that the power to cause a party to be brought in by compulsory process, was vested in the court alone.

*Semble*, that the power to bring in additional parties, vested in the court by section 122 of the Code, only applies to cases in which one or more of the original parties had such an interest as would enable him to sustain the action, but in which the controversy could not be completely settled without the presence of other parties, and not to cases in which the plaintiff's right to maintain the action depended upon the presence of such additional party.

The plaintiff insisted that he should be allowed to bring in G. L. Marvin as a party for the reason that a new action against the firm would now be barred by the statute of limitations. *Held*,

That as the plaintiff was advised of the necessity of bringing him in by the answer, which set up his absence as a defense, he was guilty of laches in not making his application sooner.

That even if G. L. Marvin were now brought in, the defense of the statute of limitations would be available to him.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought to recover moneys alleged to have been received by the defendant, arising from the sale of certain lands which belonged to the plaintiff's husband, and to which money the plaintiff was entitled.

Upon the trial before a referee, it appeared that the money had been received by the defendant and one George L. Marvin, as partners. A motion was thereupon made by the plaintiff to have George L. Marvin brought in as a party defendant. This motion was denied by the referee, on the ground that he had no power to grant it.

*John C. Strong*, for the appellant.

*Le Grand Marvin*, for the respondent.

SMITH, J. :

The conclusion seems irresistible, from the testimony, that the moneys claimed in this action were received by the firm of Le Grand and George L. Marvin. So far as appears, all that the defendant did in relation to the Canada lands referred to in the case, including the receipt of the moneys claimed in this action, was done by him as a member of the firm. His partner, George L. Marvin, is, therefore, a necessary party, and as his non-joinder as a defendant was pleaded in the answer as a defense, the referee, upon the proofs before him, could come to no other conclusion than that

the plaintiff was not entitled to recover against the defendant Le Grand Marvin alone.

And the referee was clearly correct in declining as he did, on the ground of a want of power, to order the said George L. Marvin to be brought in as a defendant on the application of the plaintiff. The appellant's counsel insists that the power was conferred by section 272 of the Code of Procedure (which was in force when the trial was had). That section provided that referees shall have the same power as the court has "to grant adjournments and to allow amendments to any pleadings, and to the summons." The power thus given, probably included the power to amend any pleading or the summons by "adding or striking out the name of any party," which was given to the court by section 173 of the sixth chapter of title 6, entitled "mistakes in pleading and amendments." But it did not include the power to order a new party to be brought in by compulsory process. That power was conferred upon the court by section 122 of the Code of Procedure, which was a part of title 3, entitled "of the parties to civil actions." In short, the power to order a new party to be brought in was vested in the court alone. The power to amend the summons, or any pleading, by adding the name of a party who had been duly brought in, but whose name had been omitted by mistake or otherwise, was conferred upon referees as well as the court. The distinction appears to have been preserved in the Code of Civil Procedure (sections 1023, 452).

Even if the referee had the power, given to the court by section 122, it is questionable whether this case is within it. That section authorized the court to "determine any controversy between the parties before it when it can be done without prejudice to the rights of others, or by saving their rights ; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." True, it has been held that the latter clause quoted was imperative, and left no discretion, the word "must" having been substituted for "may" subsequently to the adoption of the Code. (*Shaver* v. *Brainard*, 29 Barb., 25.)

But we incline to the opinion that the present case is not within the intent of that section. It was said by DENIO, Ch. J., in *Davis* v. *The Mayor, etc.* (14 N. Y., 527), " that section 122 evidently refers

to cases where one or more of the original parties had such an interest as would enable him to sustain the action, but where the controversy would not be completely settled without the presence of other parties. This was a familiar rule of the Court of Chancery, which would have been properly stated in the precise words of this section." In *McMahon* v. *Allen* (12 How., 39 ; S. C. affirmed, 3 Abb., 89), it was held by the New York Common Pleas, that the court will not allow the plaintiff to bring in a new party defendant when the plaintiff's right to recover depends upon the presence of such party, as this would be equivalent to the commencement of a new action. In that case, the action had been brought against the defendant in his individual character, and leave was sought to make him a defendant in a representative capacity, it having appeared at the trial that he was liable in such capacity only. The construction seems reasonable, and by force of it the plaintiff, in this case, should not be allowed to bring in George L. Marvin as a defendant, since, as the plaintiff has no right to recover without the presence of George, that would be equivalent to the commencement of a new action.

It is urged by the plaintiff's counsel, however, that injustice will result if his client is not allowed to bring in George L. Marvin, as a new action is now barred by the statute of limitations. To this claim there is a perfect answer. The plaintiff was advised of the necessity of making George L. Marvin a party, by the answer setting up the defense of non-joinder, long before the statute had run. At that time the plaintiff might have discontinued, and commenced a new action against both partners. So, that if the plaintiff has lost the right to bring a new trial, it has been caused by her own *laches*. But we think there can be no doubt, that if George L. Marvin were now made a defendant in this action, the statute of limitations would be, to him, a complete defense. That must be the case unless the pendency of the present action has had the effect to take the demand out of the statute, as to him ; a position which can hardly be maintained, since the action was against Le Grand Marvin alone. After the dissolution of the copartnership, the Marvins, if liable to the plaintiff, were liable as joint debtors. Part payment by one would not have taken the claim out of the statute, as against the other. (*Van Keuren* v. *Parmelee*, 2 Coms., 523.) Even if the action had been commenced by naming both as defendants, and

Le Grand alone had been served, a recovery against him would not have prevented the running of the statute in respect to George. The effect of such recovery would have been to entitle the plaintiff to enter a judgment against both defendants, so far only as that it might be enforced against the joint property of both, and the separate property of the defendant served. (Code of Procedure, § 136.) And under the provisions of the Code relating to proceedings against joint debtors, the defendant George, not having been originally summoned, might have been summoned to show cause why he should not be bound by the judgment in the same manner as if he had been originally summoned. (§ 375.) Upon such summons any defense would have been available to him which he might have made to the action if the summons had been served on him at the time when the same was originally commenced, and, also, any defense which had arisen subsequently to such judgment. (§ 379.)

The language of section 379 is broad enough to include the defense of the statute of limitations; and the intention of the legislature to include that defense was expressly shown by the amendment of 1866, which struck out the words "except the statute of limitations," contained in the section as originally adopted in 1849. (L. 1866, chap. 824, § 15.) In that respect the Code of Procedure conformed to the law as it had been laid down by the courts under previous joint-debtor acts. The case of *Bruen* v. *Bokee* (4 Den., 56) arose under 1 Revised Laws, chapter 56; the thirteenth section of the act provided, in substance, that joint debtors should be answerable separately for their joint debts, and that in a suit against all of them judgment might be taken against such as were served with process and such as were not, but that it should not be lawful to issue or execute any execution against the body or against any lands or goods the sole property of any defendant not brought into court. It was held, in the case cited, that where joint debtors were sued, some of whom were served with the process or declaration, and judgment was obtained against all pursuant to the statute, such judgment did not prevent the running of the statute of limitations in respect to the defendants on whom service was not made, and, therefore, that in debt on a judgment against a defendant not served with process in the former suit, he might plead that it was recovered without the service of process on him, and that the cause of

action did not accrue within six years next before the commencement of the suit on the judgment. The provisions of the Revised Statutes relating to proceedings against joint debtors are similar to those of the Revised Laws and of the Code of Procedure; they give no effect to the judgment, as against the defendant not brought into court, beyond allowing the execution to be collected of the personal property which he owns as a partner with the other defendants. (2 R. S., 377, §§ 1 to 4.) In *Oakley* v. *Aspinwall* (4 Coms., 514) and *Denny* v. *Smith* (18 N. Y., 567) the Court of Appeals gave the same construction, in effect, to the provisions of the Revised Statutes as was given to the previous act by the Supreme Court in the case of Bruen. The decisions rest upon the fundamental principle of jurisprudence, that no one shall be condemned, nor made to suffer, either in his person, fame or estate, before he has had an opportunity to be heard in his defense. It seems clear, therefore, on principle and authority, that a recovery in an action against both Le Grand and George Marvin (Le Grand alone being served), would not have impaired the right of George to set up the defense of the statute of limitations in an action on the judgment or in statutory proceedings to enforce it; certainly, then, the mere pendency of an action against Le Grand alone, has not had the effect to take the demand in suit out of the statute, as against George. It follows, that an order directing George L. Marvin now to be brought in as a defendant would be of no avail to the plaintiff.

There may be cases not within section 122 of the Code, where the court, in its discretion, may allow an additional defendant to be brought in on such terms as may be just. If, however, the statute of limitations is a defense as to George L. Marvin, this is not such a case. If it is not a defense as to him, then we are of the opinion, as the case appears, that in view of the delay of the plaintiff to proceed against him, the court would not be justified in requiring him to come in and answer to the plaintiff's claim, after the lapse of time that has occurred since the claim accrued, and since the plaintiff was advised by the answer in this action of the necessity of making him a party. In chancery, although the usual rule was not to dismiss a bill for want of parties, yet, when the objection, for want of parties, was distinctly taken by the defendant by plea, demurrer or answer, and the complainant, notwithstanding, went to hearing with-

out amending his bill by bringing in the necessary parties; the court, in its discretion, might refuse to permit the cause to stand over, and might dismiss the bill with costs. (*Van Epps* v. *Van Deuzen*, 4 Paige, 64.)

For another reason, the bringing in of George L. Marvin as a defendant would be of no avail to the plaintiff. The cause of action alleged in the complaint accrued originally to several persons, of whom the plaintiff was one; she claims that the interest of her co-owners was assigned to her before the commencement of this action; the assignment is in evidence, and it purports to transfer a claim against Le Grand Marvin alone, and not against Le Grand and George jointly. If George was a party, the plaintiff could not establish a claim against him, so far as we can judge from the evidence before us.

For these reasons, we decline to direct that George L. Marvin be brought in, and we affirm the judgment, with costs.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Judgment affirmed.