Bosworth, J.,
dissented. This is an appeal from a judgment entered upon the direction of a single judge of this court. The action is brought upon a bond given pursuant to § 55 of 2 R. S. B. 12, to procure the discharge of an attachment which had been issued at the instance of the plaintiff on the 8th oí September, 1837, against John W. Baker and John Young as non-resident debtors.
The application for the attachment, and the affidavit verifying it, stated that Oakley had “ a demand for $22,492 ®q0 over and above all discounts arising upon a certain judgment rendered in the Supreme Court of judicature of the people of the State of Hew York, against the said John W. Baker and John Young, in favor of the said Charles Oakley,” and that Baker and Young were indebted to Oakley upon such judgment in the said sum over and above all discounts.
The bond bears date January 10, 1838, and is conditioned to pay the amount justly due and owing by Baker and Young, “ on account of any debt claimed and sworn to ” by each attaching creditor, with interest, costs, &c. The defendants pleaded, inter alna, as to the judgment nul tiel record. That Baker was not served with process and did not appear in the suit, and that the promises on which the judgment was recovered were the promises of Young alone, and not of Young and Baker jointly, and that Baker was not indebted to the plaintiff in the sum claimed or in any other sum. The plaintiff replied that the promises were made by Young and Baker jointly; and that they were indebted, &c.
On the trial the plaintiff produced'in evidence the record of a judgment rendered in the Supreme Court in his favor as plaintiff, against Young and Baker as defendants, upon promises made by them as partners. The judgment was rendered, and the record of it was signed and filed in October, 1834. The record showed that Young only was served with process, and that Baker did not appear in the suit. The plaintiff further offered to prove, in connexion with the judgment and independent of it, that the promises bn which the judgment was recovered were made by Young and Baker as partners, and then-liability to the amount recovered. The judge before whom the cause was tried, on the evidence being objected to by the defen *14 dants’ counsel, excluded it, and held that it did not tend to show that the plaintiff had a demand against Baker and Young arising upon a judgment. The plaintiff excepted to the decision. Having no other evidence to establish that fact, the judge non-suited him, which decision was duly excepted to.
The main question presented is this: Has a person, who owns a judgment recovered by him, against two partners on promises made by them as such, in a suit in which only one was served and the other did not appear, and to whom the amount of the judgment is justly owing by such partners, a demand against them, arising upon a judgment, within the meaning of those terms as used in 2 R. S. P. 3, §§ 1, 3, and 4 ?
The act in relation to attachments against absconding, concealed, and non-resident debtors provides in §1, that the property of “ a debtor ” may be attached, first, “ whenever such debtor, being an inhabitant, &c., absconds, conceals himself, with intent to defraud, &c.; second, “ whenever any person not being a resident of this state shall be indebted on a contract made within this state, or to a creditor residing within this state, although upon a contract made elsewhere.”
It will be seen that the only cases in which §1 authorizes the issuing of an attachment against a non-resident, are thosé where he is “ indebted ” upon “ a contract.” This section specifies the class of cases in which an attachment may issue against any person. The language employed to designate them was undoubtedly designed to be as comprehensive as that of § 3, which declares by what creditors the application may be made. The latter section provides that it may be made by any creditor “ having a demand against such debtors personally, whether liquidated or not, arising upon contract, or upon a judgment or decree rendered within this State.”
§ 4. The application "must be in writing, verified by the affidavit of the creditor, in which must be specified the “ sum in which the debtor is indebted over and above all accounts.”
§ 55. The bond to procure a discharge of the attachment must be conditioned to “ pay to each attaching creditor the amount justly due and owing by such debtor to him, at the time when he became an attaching creditor on account of any ‘ debt ’ so claimed and sworn to by him with interest thereon.” *15 § 58. In a suit on the bond “ the prosecuting creditor shall establish his demand, ’ in the same manner as in an action against the debtor.”
It is obvious from these sections that the persons who may attach, as well as those whose property may he attached, and the causes for which attachments may issue, are not expressed by words employed in a technical sense. The only non-residents made liable by §1 to attachments are those indebted upon “ contract,” while § 3 authorizes a person having a “ a demand” upon “contract” or “a judgment” to obtain an attachment; and § 55 provides that the bond shall he conditioned to pay the “ debt,” claimed and sworn to.
The language of § 3 also authorizes a creditor having a demand arising upon judgment, or decree, though unliquidated, if such a thing can and does exist, to obtain an attachment. The phrase “ whether liquidated or not,” upon all rules of grammatical construction, is as applicable to the words a “judgment or decree,” as to the words'“upon contract.” That one person may have an unliquidated demand against another arising upon judgment, cannot be denied. In suits in which, after a lapse of four days after the entry of a defendant’s default for not pleading, interlocutory judgment has been entered, or a judgment that the plaintiff recover his damages by reason of the premises, and that a writ of inquiry issue to assess and ascertain them, the plaintiff, from the timé of entering interlocutory judgment, may he said to have a demand arising upon judgment. This would probably he true in respect to the demand of a plaintiff prosecuted thus far; whether the suit was on a demand arising ex confractni, or ex delicto ; and it would he a demand unliquidated. And yet, in the supposed case, there is no judgment record to furnish evidence of liability; no action would lie on the judgment, and all the proceedings had, would at most show an adjudged liability upon the cause of action set out in the declaration, and per se, on the execution of a writ of inquiry, would be only evidence of the plaintiff’s right to recover nominal, or six cents damages. Graham Pr. 794, 798-9, 786.
In this case the plaintiff had a judgment, in form, against both defendants, recovered as prescribed by law, upon promises made *16 by Young and Baker as partners, and on which there was justly due to him on the promises, and the judgment, one, or on the other, or somehow and in some sense on both, the amount claimed in the application. Such must, for the purposes of deciding the appeal, be held to be the facts of the case, as the record was in fact produced and evidence was offered to prove that the promises were in fact made by them as partners, and that the amount .claimed was justly due. Ho published opinion has intimated any objection to the plaintiff’s right to an attachment against Young and Baker as being jointly indebted, ..or that on the facts as found by the judgment reversed, or offered to be proved on the last trial, he has not a demand against both, on which the two are jointly liable. It is insisted that he had no demand against Baker arising on a judgment, and that, to recover he must have against both a demand arising on a judgment recovered against the two as co-defendants in a suit in which both were served or appeared. That the plaintiff, on the facts proved or offered to be proved, has a demand against both, is conceded. Can any one tell on what it arises, or what is its nature, as to both or either defendant ? Does it arise on contract as to both, or on contract as to Baker and. upon judgment as to Young? Is there any joint liability left? Or has it become severed, and if so, is one now separately liable on a judgment, by which the original cause of action has as to him been extinguished, and is the other now liable separately on a contract joint when made, but now transformed by operation of law into his several contract, unimpaired as to him, but extin-,, guished as to his co-partner by the judgment recovered ? Assume it to have been decided by the Court of Appeals that as against Baker, the plaintiff showed no demand arising on judgment, but one arising on contract, then how does the case stand ? He showed a demand arising on judgment, as against Young. Ho one denied that, nor could. Process had been served on Young personally; the declaration was on promises made by him and Baker as partners. He gave a cognovit, and judgment was entered against him, and duly and fully perfected. This judgment had and has all the effect upon the original contract, so far as Young is concerned, that any judgment had or can have, upless it is otherwise provided in the statute authorizing the *17 judgment. The statute has no provision on the subject. Young could never again be sued on the original cause of action. The judgment extinguished it as to him. Of this there can be no question. . It also extinguished it as to Baker, so that afterwards he could not be sued either separately, or jointly with Young, upon the original cause of action, unless the joint debtor act provides either in terms or by necessary implication that Baker may be so sued. It does not so provide in terms. If such is by necessary implication the meaning of the act, then does it mean that he may be sued separately on the original cause of action, or that he may or shall be sued upon it jointly with Young? May he insist on a joint action, or that a joint action would not lie ?
Some propositions may be deemed to be well settled so far as the judicial decisions of the courts of this state are concerned. One is, that where one or more of several joint debtors are sued, those sued may plead the non-joinder of the others in abatement, but are not 'obliged to do so. If they make no such plea, the plaintiff may recover against those sued, though it appears op the trial that the promises were made by them apd others jointly. But if the plaintiff takes judgment against.those sued, instead of submitting to a nonsuit and bringing a new- suit against all, the judgment extinguishes all right of actions against, and all liabilities of those not sued. This consequence follows, whether he knew at. the time or not that others were jointly liable with those sued. It is also settled that whenever the right to maintain a joint action against all upon the original cause of action is once suspended or lost, each and every of the joint debtors may set this up as a bar to a suit on the original cause of action, whether it was produced by the act of the party, or by operation of law at the instance and by the agency of the plaintiff. As to the first proposition, Robertson v. Smith, 18 J. R. 456; Gibbs v. Bryant, 1 Pick. 118; Penny v. Martin, 4 J. Ch. R. 566; Besley v. Palmer et al., 1 Hill, 482, are in point.
The second proposition is illustrated by the class of cases which hold that taking from one partner his specialty obligation for a partnership debt, merges the debt, extinguishes all remedies "against the partners jointly, and all liability of the partners *18 not executing it. (Clement v. Brush, 3 J. C. 180; Tom v. Goodrich, 2 J. R. 213.)
It has been held that releasing one of two joint debtors from a debt, extinguishes it as to both, and all liability of each, and that this result will follow against the actual intent of the parties, if the instrument be a technical release, though executed for the purpose, in fact, of making a separate compromise with one only, under the act of 1838, p. 243, and with a view of retaining the original liability of the others. (Bronson v. Fitzhugh, 1 Hill, 185; The Bank of Poughkeepsie v. Ibbotson, 5 Hill, 461.)
It has been held that the arrest of one of several joint debtors on a ca. sa., and his subsequent discharge by consent of the creditor, extinguishes the judgment as to all the debtors. (Ransom v. Kirby, 9 Cowen, 128; Lathrop v. Briggs, id. 171; Yates v. Van Rensselaer, 5 J. R. 364.)
On principle and authority it is clear that a judgment recovered against one of several joint debtors extinguishes all liability upon the contract, and all and every right of action upon it against every party to it. In this case a judgment has been recovered against both Young and Baker in form. Its effect as a judgment, so far as Young is concerned, is the same in all respects as if he was the only party defendant in the action. He cannot be again sued on the original cause of action. If it be insisted that he can be, then a proposition is insisted upon, which is unsupported by any precedent or known decision, is in conflict with settled principles and a series of adjudged cases, and which finds no countenance in any practice known to the profession, or hinted at in any treatise, upon any branch of law or of practice. If, then, a creditor sues only one of the joint debtors, and takes judgment against him, he loses all claims and rights of action against the others. If he makes all parties to the suit, serves but one, and the others do not appear, and then takes judgment against only the one served, the judgment will be reversed for that cause. (Nelson v. Bostwick, 5 Hill, 37.) Unless, therefore, the creditor chooses to relinquish all right of action against some of the debtors, he must make all parties: if he omits to make all of them parties, *19 he may he coerced to do so by a plea in abatement. If he makes all parties, then, although only a part are served, he not only may, but must take a judgment against all. Having recovered judgment against all, what has he acquired ? What has he lost ? What remedies by action are left to him ? Is there still a joint indebtedness of both ? If so, is it the indebtedness of judgment debtors, or of mere promissors under no liabilities except as parties to a contract ? May both be jointly sued again upon the original cause of action ? Is it possible that they can be ? It seems impossible that they can be again so sued, unless the joint debtor act so declares, for the reason that, if in legal effect the judgment is one of common law, force, and validity, as against the one served, that consideration alone extinguishes all right of action upon the contract. Did not the legislature intend that any and all future actions should be upon the judgment, and only that? That the creditor, instead of having a contract, should, after the recovery against the joint debtors, have a judgment perfect in form against all, of conclusive obligation upon those served or appearing, and as against the others, as inconclusive in character as the paper writing purporting to be the promissory note of all, or other contract, whatever it may have been, on which the judgment may have been recovered. In this view the legislature substituted, as against those not served, a judgment in form, in lieu of the alleged promises, or written obligations, on which it purports to have been founded. As against those served or appearing, it actually merged in this judgment, and extinguished all liability upon such alleged promises or written obligations. This trenches on no settled principles, does not convert joint liabilities into several ones, does not affect any right of those not served, retains the joint indebtedness, and leaves it to be enforced by known and appropriate remedies, which have been taken in confident security by the profession for half a century, The only anomaly in the whole matter is this: While the judgment is the same in form as against all, and is of conclusive obligation as to some, as against others, if it is to be enforced against, and collected of them, it must be proved in a suit upon it, that they jointly, with the other defendants, made the promises, or entered into the contract, on *20 which it is founded. So in a suit on a paper writing, purporting to be the joint contract of several, the production of the writing amounts to nothing; but when proved to have been executed and delivered by all, it is established as their contract, and their liability upon is the consequence. A joint debtor judgment, in effect, declares that the defendants made certain promises jointly, that they have not performed them, that the plaintiffs have sustained damages to a sum named, and adjudges that he recover that sum of all the defendants. As to such judgment, the statute declares, that as to those not served nor appearing, the plaintiff, when seeking to recoven upon it, shall prove all the facts essential to create a liability, which the form of the judgment assumes to have been established,, and having done this, he may recover upon it, as he might on a paper purporting to be a promissory note of the parties, on proving that it is such. If this 'be so, then why may it not be said that he is a creditor, having a demand against" both, arising upon a judgment ? He has, in fact, a judgment perfect in form, the statute denominates it a judgment; and if he may sue' upon it as a thing properly called a judgment, and recover upon it as such, on giving certain proof, then why may it not be said that his demand arises upon a judgment ? More must be proved as against some of the defendants than against the others; but this is but a question of evidence. The words, “ A demand arising on judgment,” as here used, would not seem to mean anything more or less than that the creditor has a judgment against the alleged debtor, on which he claims he can establish a right to recover the sum which he swears to be due from them. This is all that can be meant in this statute by the expression, having a demand arising on contract. The perplexity felt upon the subject, as it seems to me, arises from the idea naturally presenting itself to the mind, imbued with the principles of the common law, that a party cannot be said to have a judgment and a demand arising upon it, if he is obliged to do more to .establish both facts than to produce from the files of the proper court a record of the alleged judgment. But the statute says he may, in a certain case, have a judgment against several in form. "When he sues upon it, it shall conclude such of the parties defendants as were served, or appeared *21 in the action. To recover upon, it against the other defendants, he must not. only produce the record of the judgment, but prove that they jointly promised, with the others, and that the amount recovered is due. These extrinsic facts being proved, he shall have from the judgment itself and the other evidence a recovery from them jointly with the others, of the sum awarded by the judgment.
The proof made shows that the affidavit of the attaching creditor was true: that he had a right of action on this judgment, and was entitled to recover upon it the sum for which the attachment issued. He was none the less a creditor by judgment, and it was none the less true that he had a demand arising upon the judgment, because he had to prove other facts besides that of the recovery of the judgment itself, so long as in fact he had a judgment against both, on which an action would lie against both, and on which, as matter of right, he could show himself entitled to recover the sum claimed in his petition and affidavit to be due to him.
If the statutes existing prior to the enactment of the Bevised Statutes, the practice uniformly pursued to collect joint-debtor judgments, the evils arising under the construction given to prior acts, and by the Bevisers avowedly designed to be remedied by the Bevised Statutes by a section adopted in the very words in which they drew it, are considered, I think it will be obvious that they did not dream of changing the form of pre-existing remedies, but merely designed in an action on such a judgment to put the plaintiff as against the defendants not served or not appearing, to prove that the, cause of action on which the judgment purports to have been recovered, had in fact existed against all; and when that fact was proved to make the judgment itself evidence, but not conclusive evidence, as against such defendants, that the sum recovered was justly due, and as against those served to leave the judgment like any other judgment against a party who had been served with process, absolutely conclusive of his obligation to pay the sum adjudged to be due to the plaintiff.
The act of 1788 (2 Laws of N. Y. Greenl. Edit. p. 111, § 23) and the act of 1813 (1 R. L. 521, § 13), are precisely the same in substance, and, provide that “ in case judgment shall pass for *22 the plaintiff he shall have his judgment and execution against such of them as were brought into court, and against the other joint debtors named in the process- ‘in the same manner’ as if they had all been taken and brought into court by virtue of such process, hut it shall not be lawful to issue or execute any such execution against the body or against any lands or goods the sole property of any person not brought into court.” 2 R. S. 377, § 1, 3 and 4, provide that “ in such case, the judgment, if rendered in favor of the plaintiff, shall be against all the defendants ‘ in the same manner ’ as if all had been served with process ” (§ 1). The execution must be in form against all the defendants, but must have endorsed on it the names of the defendants not served with the process by which the action was commenced (§ 3), and the endorsement must direct that the execution shall not be served on the person of any defendant whose name is so endorsed thereon, nor shall it be levied on the sole property of any such defendant, but it may be collected of the personal property owned by him as a partner with the other defendants taken, or with cmy of them.
So far the Revised Statutes and the acts of 1788 and 1813 are in substance and effect the same : each and all of them require from the beginning to the end the same form of proceedings as in a suit where all had been served. Executions are in form against all, and must be. And on such executions, if § 4, of 2 R. S. 377, is to receive a literal reading, the property of the one not served may be taken to pay a debt for which he was never liable as a partner with any other defendant in the suit. By this section if A. B. O. and D. sign a joint bond (never having been partners) to secure the payment of A.’s debt, and B. only is served with process, and judgment is recovered, the execution to be issued, if B. and C. only are partners, may be collected by taking the property owned by B. and C. as partners and selling it out and out, to pay the judgment, whereas on a judgment against B. alone for his own debt, such a thing could not be done.
Even now,- in a suit against several on promises alleged to have been made by all as partners, and where only one is served, on proof of a partnership which would be good evidence of it as against the one served, but no evidence at all as against those *23 not served, as his admission of the fact, or default to plead to the'declaration, a judgment can be recovered in form against all, and the execution may be levied on any goods owned by those not served, as a partner with the one served. (Halliday v. McDougal, 22 Wendell, 270 and 271.) The defendants not served have had no opportunity to show payment or invalidity of the alleged contract, and may be the only parties having any substantial interest in the partnership property and effects.
We have seen that the former statutes and prior acts, so far as the parts above cited bear on the point, provide for continuing the joint liability, in the same form against all as against either. What was at first in form as well as substance a contract by all, is converted by the peremptory requirement of the statute into a judgment in form against all. Neither the act of 1788, nor of 1813, declared whether a suit could be brought on the judgment against all, nor in an action on it against all, what should be its effect as evidence as against those not served with process, nor whether it should have any effect. In Dando v. Doll & Tremper, 2 J. R. 88 (in 1805), in an action on a joint debtor judgment, where the defendant not served in the original suit pleaded simply mol Uel record, the court held that the production of the record which was in form that of a judgment against all, and required by statute to be so, made out the issue and entitled the plaintiff to recover. The Bank of Columbia v. Newcomb (6 J. R. 98), was an action on such a judgment, and the defendant who was not served, pleaded that fact, and that he did not appear in the action. The Court held, “being a judgment regular in form, against both the defendants, an action of debt will lie upon it against both, and consequently the pleas are bad.” This was decided in 1810.
Taylor & Truss v. Pettibone (16 J. R. 66), decided in 1819, adjudged that in an action on such a judgment, the judgment was prima facie evidence of a debt, as against the defendant not served.
In Townsend v. Carman, (6 Cowen, 695), the court decided (in 1827), that “ if an action can be sustained upon such a judgment, it must be against all.” The “judgment is to be entered in the usual form, and so far as depends upon the act, it is to be followed by the usual consequences, with the restrictions *24 particularly specified.” The court further held, that the 2d of J. R. 87, 6 id. 98, and 16 of id. 66, distinctly passed upon and decided the point that an action of debt would lie on such a judgment, and also held that the judgment is ¡prima faeie evidence of- a debt against the party not brought into court. Carman v. Townsend, was carried to the Court for the Correction of Errors, and decided in December, 1830. 'Only two opinions'were delivered, and the judgment of the Supreme Court was unanimously affirmed. (6 Wend. 206.) The Chancellor said, “ the plaintiff in error is unquestionably right in his first point, in supposing that the first judgment was' an extinguishment or merger of the original indebtedness, so that no action could “be sustained against either of the defendants on the original promises.' If any action could be sustained against the defendant not arrested in the original suit, it must be in form an action of debt founded on the judgment.” Beardsley, Senator, said, “it is now objected by Carman, that an action of debt will not lie on such judgment. This is the only objection that has been urged on the argument which requires consideration: that such action will lie has been too long settled to be now called in question. It is right in principle that such action should be" sustained; a contrary rule would work great injustice to creditors.”
Such were the decisions upon the acts in relation to such judgments recovered prior to the time when the Eevised Statutes took effect. The revision was had, and the Eevised Statutes were enacted before the decision was made in Carman v. Townsend by the Court of Errors. The second section of the joint debtor act in force when these proceedings were commenced, declares that “ Such judgment shall be conclusive evidence of the liability .of the defendant who was served with process in the suit, or who appeared therein; but against every other defendant it shall be evidence only of the extent of the plaintiff’s demand, after the liability of such defendant shall have been established by other evidence.” (2 R. S. 299, § 2.) Of the extent of what demand? and what is the liability to be established by other evidence ?
What was the evil to be remedied, or doubt to be obviated, by this statutory provision ? Was it to be effected by changing the *25 form of actions, or by altering a rule of evidence? Was it the object to coerce or even permit a plaintiff to sue, upon the original cause of action, either or both of the defendants against whom such a judgment had been recovered, or to.declare that as to those not served, when sued on such a-judgment, the plaintiff should be required to make all the proof that would have been required of him in a suit upon the original'cause of action? Or did it intend to allow what had always been permitted,—an action on the judgment against all of the defendants, to permit the plaintiff to assert and insist that he had a demand on the judgment, but in order to sustain it and recover on it, require him to prove as against those not served what he must have proved as against them if they had appeared in the original suit; viz. that they jointly with the others made the promises or contracted the debt on which the judgment purports to' be founded.
The original note of the Revisers to this section states that it was enacted as drawn by them, and reads thus: “ The law on this subject seems rather unsettled, vide 16 J. R. 66; 6 Cowen, 697. The better opinion probably is, that the defendant not brought in, may contest the judgment, but this throws upon "him a very onerous burden of proving a negative. The above section (§ 2) seems calculated to prevent fraudulent combinations, and to give to a plaintiff all he ought to require.”
This note of the Revisers refers to decisions made in actions, brought on such judgments recovered under the prior acts. .Those decisions held, that the only mode of proceeding against all the parties to the original contract was by action on the judgment, and that the judgment was primé fade evidence of a debt against those not served, or in other words, that the record itself was prima fade evidence of their liability upon , it, being in effect as it was declared by it. They thought this was giving to it an effect unjust towards such defendants; they therefore proposed the section in question to abrogate this rule of evidence; not to deprive a plaintiff of his remedy by action on the judgment, but to compel him, in such action, to establish by other evidence than the record of the judgment, that *26 those not served in the first suit, were joint parties to the contract, on which it was founded; and provided that when this was established, the judgment should be evidence of the extent of the plaintiff’s demand upon it as against them, and as against the others per se, conclusive evidence of a liability upon it as declared by it.
This plaintiff, then, had a judgment against all. The statute declares it to be a judgment! It is in the form required by statute. It is in the precise form in which judgments in like cases have been required by statute, since. Feb. 7, 1788, to be entered. From that day to the present all the courts of this state have held that an action will lie on such a judgment against all the parties, and no court has yet decided to the contrary. Ho judge or court has yet intimated a doubt that all the parties to the original contract are yet liable in a joint action of some form, and upon something. If liable in an action against all jointly, upon what can it be brought, if not upon the judgment? But one judge has ventured a reported opinion that they can be sued jointly on the original contract. In one of the printed opinions found in 4th Corns. 513, it is intimated that an action will lie on the contract against the party to it, who was served with process in the first suit, and against whom a judgment was rendered on the merits, which remains in full force and effect, in no way reversed or vacated. Ho one has intimated an opinion that the liabilities have been severed, and that some have become separately liable as judgment debtors and not otherwise, and others liable separately upon contract, and only upon contract. It is very certain that the statute has not declared that any such anomalous or absurd results shall be produced by the judgment authorized by it. It does not seem to be necessary to now give such a construction to it to preserve the original rights of either party intact, or to simplify forms, or promote justice. Such a construction will overturn every principle heretofore settled, deny every form of remedy heretofore pursued or allowed; and by applying it to suits which have been in progress for years, may defeat the most important interests, and work the most ruinous results without conferring the slightest benefit upon a single suitor in all time to come. -
*27 Of the eight judges who sat in the court of appeals, two, viz. Judges Gardener and Gray, were for affirming the judgment of the court below: They, of course, not only held that an action would lie on the judgment, but also held what it seems to me every one must hold, who goes thus far, viz. that a party who has a judgment on which he can bring an action, in which he is able to recover the amount of such judgment, has a “ demand arising upon judgment,” no matter what evidence must be given to establish the liability of the parties sued or the extent of such demand: Judge Jewett, who voted to reverse, held that an action would lie against both Young and Baker on the judgment : Judge Paige also voted for a reversal, but wrote no opinion. A letter of his, in 1851, in reply to one from the plaintiff’s attorney, says thus: “ The judgment confessed by" Young was not, in my opinion, evidence of a demand against Baker personally; although I agreed with Judge Jewett, that as the forms of procedure against the two was a mere question of practice and pleading, the action of debt might be brought against both on the judgment, to prevent the embarrassment of declaring against the one in debt, and the other in covenant or assumpsit.”
Hence there is evidence that four of the eight judges held that an action would lie on the judgment. It cannot be said, then, that the court of appeals has decided that such an action will not lie. Judge Buggies is reported as having voted for a reversal. He gave no opinion. His letter of November 26, 1851, to the same attorney, concludes thus: “But if the result had depended on my vote, I should have wanted further time for consideration and reflection before I would have voted for a new trial. The ground, on which I thought the decision should have been placed, was this:—that the second section of the joint debtor act, so far as it makes the joint judgment evidence against the defendant not served with process, is in conflict with that part of sec. 6 of art. 1 of the constitution which declares that no person shall be deprived of his property without due process of law.”
All this shows that five of the eight judges did not assent to the proposition that no. action will lie on such a judgment. It cannot be said, then, that any such principle has been decided *28 or was settled. Yet the judgment was reversed.. The court to which the cause was remanded cannot dispose of it intelligently without ascertaining what principle, if any, was settled by the Court of Appeals. The remittitur gives no information on the point. It simply reverses the judgment appealed from, and orders a new trial. It contains no resolution of or instruction from the appellate court. USTo allusion would have been here made, to the letters above referred to, were it not for the consideration that they furnish the only evidence known to exist of the opinions held by those writing them, on the points to which the extracts relate, at the time the judgment of reversal was rendered. As it was not deemed inappropriate to furnish such evidence of those opinions, I hardly need add, that it cannot possibly-be deemed discourteous to refer to such evidence, when it becomes necessary in order to a proper determination by a subordinate tribunal, of the same cause, to ascertain, if possible, what precise questions were deliberately considered and settled by the court above.
The only inference fairly deducible from the reported opinions, is, that five members of the court, viz. Judges Bronson, Jewett, Mullett, Paige, and M'Coun, were of opinion that the plaintiif in this action did not show that he had a .demand against both Young and Baker, arising upon a judgment. If this is a just inference it is equally obvious, that two of the five, viz. Judges Bronson and Mullett, so held for the reason that they held that no action would lie against Baker on the judgment. That Judges J ewett and Paige, while dissenting from the latter proposition, so held, notwithstanding their opinion that an action would lie upon it. If Judges Bronson and Mullett would not so have held, had they agreed with Judges J ewett and Paige that such an action would lie, then it follows that the four concurred in a vote to reverse, and that the former two, as well as the latter two, did so for reasons which the other two repudiated. On whichever ground the opinion of Judge M‘Ooun was given, it makes at most a concurrence of but three votes upon any one specific' proposition, and the reversal by the appellate court did not settle a principle.
Judge Mullett, after ably and at length examining the previous and existing acts, and reasoning to the conclusion that *29 the judgment was no evidence of a debt as against Baker, adds: “ It is admitted that this course of reasoning tends to the conclusion, that an action of debt cannot be maintained on a judgment recovered under the statute relating to proceedings against joint debtors, against a party who was not served with process, and did not appear in the action in which such judgment was rendered.” * * * “ If an action of debt on judgment cannot be sustained by the undisputed record of the judgment, what will sustain it % ” “ It devolves on those who hold that an action will lie against the party who did not appear in the suit in which it was rendered, to show how it can be sustained, and what proof will sustain it. Until these questions are satisfactorily answered, I shall agree with Oh. J. Bronson on this point also.” Before stating what with deference I regard as a fair and true answer, it is to be observed that Judge Mullett does not assent to the apparent inconsistency of saying that a party may sue upon a contract, and recover, without having a demand arising upon contract, or may sue upon a judgment and recover, without having a demand arising upon a judgment. His opinion obviously is, that any party who as a matter of right can sue and recover on a judgment has a demand arising upon judgment, and he therefore held that in this case the plaintiff had no demand against Baker arising upon a judgment, because he was of opinion that an action on this judgment would not lie against him. And why, in his opinion, would not an action lie on such a judgment % Obviously for the reason that the record is no evidence as against Baker of a debt or of his liability. He asks “ what will sustain ” the action on the judgment if the record will not ? and observes that the .duty of those who claim one will be “ to show how it can be sustained, and what proof will sustain it.” It is answered that on just such a judgment, obtained in just such a proceeding, and in the precise form of this, it has been decided in every reported case prior to this from the passage of the first act in 1188, that such an action will lie. The court of last resort unanimously so decided in Carman v. Townsend. But those cases held more. They also held that the judgment record itself furnished sufficient evidence to sustain the action. The second section of the Revised Statutes did not declare that *30 no such action should afterwards be brought; but it provided what should be proved in such an action to sustain it as against the party not served. That section answers the question put by the learned judge, “ What proof will sustain it? ” The answer is, “ Establish the liability of the defendant not served by other evidence than the record itself, and the plaintiff shall be allowed to recover. And when he has given sufficient evidence to establish the liability, the record shall be evidence of the extent of his demand.”
The Legislature have never been embarrassed to find words capable of expressing clearly their intention to provide that a contract might be extinguished as to one joint contractor, and yet that an action might be brought on it against the other, when they designed to do so. This was expressly enacted in the act for the relief of partners and joint debtors (Session Laws of 1848, p. 243, § 3). The amendment in 1845 (p. 410, § 2) provided for discharging a judgment of record as to such of the debtors as had compromised according to the provisions of the act of 1848.
The proceedings are simple, and the remedies to be taken and proof to be given are obvious, if no change of the pre-existing well settled law is to be deemed to have been made, except such as the second section of the act (2 R. S. 299) enacts. The judgment-record contains a declaration which sets forth a contract made by all the parties jointly, a breach of it, and the judgment of the law that the plaintiff recover against all the defendants a specified sum by reason thereof, and shows that Baker, one of the defendants, did not appear. In an action on such judgment, the plaintiff produces his record, which proves that he has a judgment in form against all, as he has averred in his second suit. It establishes conclusively the liability of Young; as against Baker he must go farther, and prove by other evidence the making of the contract by all, which is described in the record. When he has done this, he has established, as the statute prescribes, the liability of Baker, and his right to recover against hoth. Whether he must 'in the first instance give other evidence than the record of the extent of his demand, I will not stop to discuss. Ch. J. Bronson held that “ the whole extent to which the recovery can go must be *31 established by extrinsic evidence ” (p. 521). The statute says, the judgment as to the party not served “ shall be evidence only of the extent of the plaintiff’s demand, after the liability of such defendant shall have been established by other evidence.” His idea is, that even if the fact of actual liability is established by other evidence, the record is not pri/mA fade evidence that such defendant is liable to the amount of the judgment; that it cannot be used at all as any evidence tending to show that so much is in fact due, but that it merely operates as an estoppel to absolutely prevent the plaintiff from recovering more, even though he should conclusively prove that more is due. If this is what the Revisers meant by their note upon this section, when they said of it that it “ seems calculated to give to a plaintiff all he ought to require,” a plaintiff will find it difficult, in the happiest experience of the benefits conferred, to be penetrated with a very devout thankfulness to the givers of such imperfect gifts. But for such a construction, if left free to sue on the original contract the one not' served, and if as between the two there is no judgment, and each party is to be treated as being in statu quo, natural equity and common justice would seem to require that he should be permitted to recover all that he can prove to be due. But assuming the Ch. J. to be right in his construction of this clause, it is of no moment in this case, as the plaintiff on this trial offered other proof fully satisfying this rule.
Of the very elaborate and able opinion of the Ch. J. it may justly be said, that if his premises are conceded to be well taken, that no action will lie on the judgment, his conclusion is a logical one; that the plaintiff did not have a demand arising upon judgment.
The error of his opinion, as I think, is .in his premises. He observes that “ it is absurd to say that a party may have an action on a judgment which is no evidence of the defendant’s liability. He might as well sue on a piece of blank paper.” I think in this he is mistaken. It may be granted that it is absurd to say that a party may have an action on a judgment which is no evidence of the defendant’s liability, yet if the Legislature see fit to provide, or the court of last resort to hold, that an action will lie on such a judgment, the plaintiff in such *32 an action would have very decided advantages over one suing on a piece of blank paper. Hot that the record alone or of itself, without anything else, would serve him more effectually than the blank paper. But, in the one case, it is respectfully and confidently suggested that he may do what the statute says he may; prove by extrinsic evidence, the liability spread out on the face of the declaration embodied in the record, and the extent of such liability, and have a recovery for the amount of the judgment and interest, while in the other supposed case no principle of law, no statutory provision, nór long established practice, exists, enabling him to commence or sustain an action.
If it be an absurdity, it is a legislative one, and in an age which vehemently complains of the existence of such absurdities, without number, it should not be made a bar to the administration of substantial justice. If an absurdity, it has one redeeming merit! To act upon it can by no possibility work injustice to a defendant. It deprives him of no defence, exonerates the plaintiff in no respect from the necessity of giving evidence either in kind or quality which would otherwise be required of him, and in no way diminishes a defendant’s chances of extinguishing his debts by the meritorious plea of the statute of limitations. (Bruen v. Bokee, 4 Denio, 56.)
Such being the effect of the law, I cannot understand the applicability to it of the remarks of the Oh. J., that “ that State must not boast of its civilization, nor of its progress in civil liberty, where the Legislature has power to provide that a man may be condemned unheard.”
Surely the whole head and front of legislative offending hath this in it and no more. It requires a party having a claim against debtors which he would prosecute to judgment when some are beyond the reach of the process of the court, to name all as defendants in the process; and when some have been served, to declare and state truly his alleged cause of action against all. If he establishes this, it gives him a judgment against all, and preserves the continuance of their joint liability by giving him a right to bring an action against all on the judgment. In such 'action, as against those who did not have a chance to be heard in the original suit, it requires him to make precisely the same proof of their liability upon the cause of action described in *33 the record, as he must have made if he had sued on that cause of action alone, and allows to the defendant every defence he could have made in such action. If he establishes such liability he recovers, otherwise not. What ground of complaint has such a defendant? How is he prejudiced by such legislation ? Is there anything in such an act which appeals to “ the judiciary to decide how much respect shall be paid to an edict so revolting and tyrannical?” (Mullett, J., P. 536, 4 Coms.)
One consideration of much force, as it seems to me, presents itself, in contemplating this act as it was up to the 1st of January, 1830, the decisions under it, and the act as it was amended - when it went into operation on that day. If the Legislature intended by § 2 of 2 R. S. P. 299, to abolish the remedy by action on the judgment, and compel a plaintiff to sue those not served, on the original cause of action, notwithstanding the judgment against those served, it would have been as natural, as easy to have said so, and to have provided that he might do so, and that in case a judgment was obtained and the money collected, such defendant should have all the rights to compel contribution by his co-contractors, which belonged to him, according to the nature of the original transaction between them. This the Legislature did not do. If the second section had read, “ such judgment, in an action upon it, shall be conclusive evidence of the liability of the defendant who was personally served with process in the suit, or who appeared therein, but against every, other defendant, it shall be evidence only of the extent of the plaintiff’s demand after the liability of such defendant shall have been established by other evidence,” it might be said to be an absurdity, or an anomaly; but it would have been one promotive of justice by the equity of its provisions, by the simplicity of the remedy, which was understood by all, and had been pursued for half a century, and yet would have declared nothing different from the understanding of the profession of it, down to the time when its true meaning and proper effect were thrown in doubt by the dissenting opinion in Mervin, & Goldsmith v. Kumbel. The whole effect of the statute, is to transform, so far as the form of the remedy is concerned, the original indebtedness on contract, into an apparent *34 liability upon a judgment, possessing in effect as to the defendant not served or not appearing, no one quality not belonging to the original indebtedness, and as to those served or appearing, every quality belonging to any judgment rendered against them by a court of competent jurisdiction after a litigation upon the merits. The whole effect was and is to preserve the joint liability of all the defendants, if such a liability in fact existed, and.to allow its existence to be litigated and determined in a form of action appropriate to the apparent change in the position of the parties; viz. in an action' of debt on the judgment.
On no fair principle of construction can it be said that the Legislature intended, by the act of 1830, to abolish the remedy by action on the judgment. From 1788 to 1830, the laws in force provided for entering judgments in the same form as they are required to be entered under the act of 1830. One species of apparent injustice resulted from the constructions given to the prior acts. It was not that an action on the judgment was sustained, or that the defendant'not served was compelled to pay a just debt. But it was that in an action on the judgment, recovered without his having an opportunity to be heard, the record was held to bej<prvrnd, facie evidence of Ms liability. That at least was the injustice pointed out by the Revisers, by a reference to the decisions that had been made. They proposed a section for the avowed purpose of obviating this one evil. The Legislature enacted it as drawn by the Revisers. That section said that such record should not be any evidence of liability, but that the plaintiff himself should establish it by other evidence. When establish it, or in what cases ? In an action on the original contract ? That he would be required to do if no statute existed, and no one is reported to have brought an action on the contract after having recovered such a judgment. It does not seem that such an action could have been contemplated by the Legislature. If not in an action on the contract, then in an action on what ? Obviously, as it seems to me, in an action on the judgment, a remedy then, and the only one then known—one adapted and appropriate to the form in wMch the apparent liability appeared, and an action, which, gs a member of the court of last resort remarked, in Carman v. *35 Townsend, had been so long allowed and sustained, that the right to maintain it could not then be called in question.
With such considerations in favor of the right to maintain the action—-with a thorough conviction that the Legislature intended to preserve that right, with the expressed opinion of four judges of the Court of Appeals that the action ydll lie, and of that of a fifth that the reversal should be placed on some other ground than that one will not lie, or that the plaintiff did not show a demand arising upon a judgment, it seems to me that this court is not only bound to decide that it will lie, but that it can find no justification in deciding to the contrary.
Do the reported opinions and other evidence alluded to of what actually was decided, satisfactorily show that the court, decided that the plaintiff had no demand arising on a judgment, irrespective of the question whether an action would or would not lie, or conceding that one would lie on the judgment? If they do show this with reasonable certainty, then it is the obvious duty of this court to consider that an established principle, and apply it to this case as it is now presented.
I can find nothing in the opinion of Judges Bronson and Hullett to justify the conclusion that they held or intended,to decide that a party cannot be said to have a demand arising upon a judgment, if he can maintain an action upon it in which he can recover the amount of the judgment. On the contrary, their arguments tend to show it to be their judgment that such an opinion would be erroneous. If this be so, then the case stands thus: Two hold that the grounds on which three voted to reverse are erroneous, and the latter that the judgment of the other two was based on a principle which is contrary to law. It seems to be quite apparent that the judgment was reversed without settling a principle, and that it is the duty of the subordinate court in such a case to decide according to its clear conviction of what the law is, after amatare consideration of the opinions given on the reversal, as well as of other adjudications upon the question to be decided.
It has always been considered that a decision made under such circumstances furnishes no guide for the re-trial of a cause or the judgment to be rendered after such re-trial, beyond the fact that for some reason or other the former judgment of the *36 subordinate court was reversed. (Bronson, Ch. 2 Denio, p. 29; Supervisors of Onondaga v. Briggs, and Vance v. Phillips, 6 Hill, 437; Vide Butler v. Van Wyck, 1 Hill, 462.)
It is quite obvious that Judges Bronson and Mullett held no action would lie against Baker on. the judgment, and that Judges Jewett and Paige held that the plaintiff had no demand against him arising upon the judgment, for the common and sole reason that the judgment itself was no evidence of Baker’s liability.
Oh. J. Bkonsoh says, p. 519:. “It is absurd to say that a party may have an action on a judgment which is no evidence of the defendant’s liability.”
Judge Mullett inquires, p. 535: “If an action of debt on judgment cannot be sustained by the undisputed record of the judgment, what will sustain it?”
Judge Jewett says, p; 541: “The plaintiffs demand then, in fact as well as in law, arose as against Young upon the judgment, and is conclusive evidence as against him of his liability as adjudicated.”—As against him (p. 540), “by the judgment a new debt is created, and the old demand is thereby merged.” “ As against Baker it arose upon the original contract, as the judgment is not any evidence against him of his liability to the plaintiff.”
Judge Paige says: “ The judgment confessed by Young was not, in my opinion, evidence of a demand against Baker pérsonally.”
That the judgment was no evidence of Baker’s liability to the plaintiff cannot be doubted, for the reason that the statute declares it shall not be. But why may not a plaintiff be fairly and justly said to have a demand against another arising on judgment, notwithstanding this, if he has a judgment authorized and denominated such by statute, the amount of which is justly owing to him by all the parties against whom it is rendered, and if by law he may sue on such judgment, and by law give evidence which will establish the liability of all to pay it by reason of the matters alleged in it? Is the distinction taken by those who" hold that in such a case" he has no demand arising on judgment, one of substance calculated to promote the ends of justice, and preserve substantial rights, or is it one of form, *37 of no practical "benefit to anyperson, unadapted to preserve even the frailest equity in any possible contingency, and one by an austere adherence to which the most important interests and rights of suitors may be sacrificed to the 'subtilties of philological polemics. ,
The interpretation given to the words “ arising upon,” by those who deny in such a case the existence of a demand arising upon judgment is, that they mean the same as the expressions “ originating or proceeding from” the judgment, and that only, and that no other meaning more favorable to the plaintiff can fairly be given to them. With the most respectful deference I submit that this is hypercritical^ and should be admitted to be so by every one who holds that an action will lie, and a recovery may be had upon such a judgment upon giving certain evidence prescribed by the statute which authorized the judgment. One of the definitions of “ arising” is “ appearing,” and one of the definitions of the verb “ arise” is “ to appear or become known, to become visible, sensible, or operative.” (Web. Unab. Dic. 68.)
The plaintiff had a judgment against, both, which set forth promises made to him by both jointly, the non-payment of the sums promised, and that they amounted to the sum for which the judgment is rendered. The judgment is conclusive evidence against Young, that the facts alleged are true, and that he is liable by reason thereof and of the recovery to the amount of the judgment. In point of fact Baker is also liable, irrespective of the recovery, to the same amount, by reason of and upon the liability described in the record. The plaintiff has a just claim or demand against , both, upon and by reason of the alleged facts, appearing, or made known or, visible upon the record. Is not the plaintiff’s demand one “ appearing” upon, visible upon, or which becomes known upon the record of the judgment ? It does not originate from or upon the judgmént. But it appears upon it as against all, and may be collected by action upon it against all! It is only in a technical sense that it can be said to originate upon the judgment even as against Young. The foundation of his liability is contract, and the judgment adjudicates that he made the contract, and is liable by reason of it, and for a breach of it, to the amount of the judgment. *38 The judgment is conclusive evidence of his liability upon the contract appearing on the record to the amount of the judgment, and precludes him from again controverting it. The nature and extent of the demand made against Baber appear upon the record as fully and particularly as of the demand against'Young. As to the one, liability is to be proved; the record is not the proof of it, nor does it show what the proof will be. But it shows it as fully as a suit on the original cause of action would. For the declaration in such a suit would be the declaration contained in the judgment record. As against Young, no proof of liability is wanted. For as to him, the record on which the plaintiff’s demand appears is conclusive evidence of his liability, not merely of a liability to pay the amount of the judgment, but by reason of his being a party to the contract or contracts appearing upon the record. A severe criticism, and austere verbal refinement are justifiable when adopted to prevent a failure of justice, or to shield a party from manifest injustice. But when important interests depend upon the definition to be judicially given of the words “ arising upon,” and that too in a case where a plaintiff has once established, and again offers to establish, a just right to be paid by the defendants the amount claimed, and whether he is to fail in collecting his debt, if the words are held to mean “ originating upon,” or proved by, and is to succeed, if they may fairly be held to mean “ appearing upon,” or shown or disclosed by, though to be proved and sustained otherwise than by the record of a judgment which describes it, I think that a court which is to be the final arbiter in such a case, should pause'long, and deliberate solemnly, before they adopt the one to the manifest defeat of justice, rather than the other, which can work no possible injustice to either, and maintains the just demands of the plaintiff, and secures the payment of them. If a plaintiff’s rights are to be lost and defeated by such critical refinements, he may appropriately and reproachfully exclaim, “on-what a slender thread hang all human things,” and point to the record of this cause, not as any evidence -of his demand, but as conclusive evidence of the inglorious uncertainty of the law.
When I speak of the justice of the plaintiff’s demand, I of • *39 course only speak of it, as it appears from the papers on which the pending appeal has been heard; what would have appeared if the evidence offered had not been excluded, I neither know, nor pretend to conjecture, but the court is bound to assume, for the purposes of this decision, that the facts are as he offered to prove they were, and that he could have established Baker’s liability to the full amount of the judgment rendered against him and Young. If thd application for the attachment and affidavit verifying it, had stated that “the plaintiff had a demand against Young and Baker for $22,492$90 against them as defendants, in favor of the plaintiff on a judgment rendered in the Supreme Court of this state, on a contract made by them jointly, in an action in which only Young was served or appeared,” would any one doubt that the nature of the demand was described with sufficient accuracy, fulness, and precision to justify the issuing of an attachment? If urged that it is commonly stated to be a demand “ arising on judgment,” the court would answer, that shall not defeat the proceedings, because the nature of the demand is truly set out, and we can see that it is one which authorizes the issuing of an attachment. The statute does not require a party to name his demand either in his application or affidavit, and if he does, and erroneously, that shall not vitiate his proceedings so long as he states his demand truly, and one which will sustain it.
How much less did the plaintiff state in the application which he made ? He said he “ had a judgment recovered by him as a plaintiff, against Young and Baker as defendants, in the Supreme Court of this state, for the sum of $22,492^. That that amount was due to him over and above all discounts, and he had a demand against the two, of that sum arising on this judgment.” He did not set out the judgment, nor state whether it was one recovered in an action on tort, or upon contract, or whether one only, or both were served with process. That was apparent on the face of the judgment referred to. It had been the statute law of this state ever since 1Y88, that a creditor might have a judgment against two on. a contract made by them jointly, whether both or only one of them was served with process. Baker knew (assuming the facts offered to be proved as true) that he and Young were indebted as *40 partners to the plaintiff in the sum named, and that he was liable to have his property attached, even though a judgment had been recovered against both on a service upon Young only. The application stated the judgment, and referred to it as showing what his demand was. It truly showed the nature and extent of it. Is not this statement enough to satisfy all the requirements of the statute as to the contents of the application ? By inspection of the judgment referred to in the application, and by such reference in a certain sense incorporated in it, the court sees the precise nature of the demand set out; that it is one which authorizes the issuing Of an attachment, that the record settles incontestably the liability of Young, and knows that to establish the demand as against Baker, all the plaintiff has to do is to prove his liability, and if you please the extent of it. Is it of any consequence whether the application gives a name to the demand or not, or misnames it, when it gives enough of detail to show that it is one which authorizes an attachment % When a point is to be strained, or a long series of adjudications departed from, to secure a result, it should be one imperatively demanded by high considerations of justice, or indispensable to avert from a party a palpable and serious injury. On the merits as determined by the first trial, and as offered to be established on the last, which of these results is, produced by the rigid construction and verbal criticism invoked in this cause in behalf of the defendants ?
On the. facts offered to be proved by the plaintiff, I think he is entitled to recover the amount claimed: the merits of the case commend it to the favorable consideration of the court: Baker and Young justly owe him the amount claimed: it is a claim on which, and they are persons against whom, an attachment might rightfully be issued: one was issued in conformity with the provisions of the statute, and their property was seized by it by a proper officer: they .procured, the attachment to.be discharged, and obtained a restoration of their property .by procuring sureties to give a bond in which they agree to pay whatever the plaintiff in a suit to be brought on it against them could prove to be due on this claim. He brings a suit against them on this bond, and offers to prove his claim and the amount 'due him. The sureties object, and say to the plaintiff, your application for *41 the attachment stated that you had a demand against Young and Baker “ arising upon a certain judgment.” The defendant produces a judgment. He is told that it is no judgment as against Baker. He reads it; in terms it is against both, it is in the precise form of all judgments against two defendants, it is in the precise form authorized and required by statute, and the statute declares that it is a “judgment” against both! It is a judgment then, and properly so called. A party may surely be permitted to speak of it by the name given to it by a statute, of the state of which he is a citizen, and in the courts of which his suit is pending. The defendants then object that though the plaintiff has a judgment against both, he has no demand “arising upon” it, as against Baker; he has one arising upon it as against Young, and against him only. It is conceded then that the description is half true; there is no denying that the plaintiff under any construction has a demand arising upon it as against Young, and why not as against Baker? It is answered that no action will lie on it against Baker. It is a sufficient reply to this to say, that it has uniformly been held since the first act was passed in 1788, that an action will He on a judgment recovered under precisely similar circumstances, and in precisely the same form as this—that has become the settled law of this state. It is again objected that those decisions were made because the judgments recovered under the law as it existed prior to 1830, under the construction of such prior law, were held to be prima facie evidence of a debt as against the party not served, but by the amendment made in 183Ó, they are no evidence of the liability of such party. It is a sufficient reply to this tó say, that the same act does not in terms deprive a party of the remedy by action theretofore allowed as the only appropriate remedy, but by every fair implication and reasonable intendment preserves it. The amendment made requiring the plaintiff, instead of using the judgment as evidence of the liability of such party, to establish it wholly by other evidence, in effect provides that he may do so, and that on doing so he shall recover. At most but three judges of the court of appeals have expressed a contrary opinion, four have expressed their deliberate opinion that such is the existing law, and the fifth has expressed no *42 dissent to the opinion of the four. It is again objected that though an action of debt will lie and_ a recovery may be had against both on the judgment, yet as against Baker, the plaintiff must prove that he and Young were liable as joint contractor's, in manner and form as such liability is, set forth in the judgment record. And inasmuch as the plaintiff must prove this, his demand as against Baker arises on contract and not upon the judgment.
Two of those who voted to reverse do not express an opinion that a plaintiff has not a demand arising upon a judgment, upon which he can maintain an action against both, and recover from all the partiés to it, the whole amount of it. Other two of them express the opinion that he has.
A more careful examination of the act under which the attachment was issued, will satisfy any one, as I think, that in cases arising under it, the rules in relation to variances in suits at common law have no application; that the statute is satisfied by such a statement of the demand, as shows that it arises ex cont/ractni and not ex delicto, and by such a general description of it as will fairly apprise the debtor for what the attachment was issued.
All that the statute specifically requires to be stated in the application is, “ the sum in which the debtor is indebted over and above all discounts, to the person in whose behalf such application is made, and the grounds upon which the application is founded.” (2 R. S. P. 3, § 4.)
“The facts and circumstances to establish the grounds on which such application is made, shall also be verified by the affidavits of two disinterested witnesses.” (Id. § 5.)
By the construction uniformly given to thife statute, it has been held sufficient that .the affidavit of the witnesses shows merely the non-residence of the debtor, when he is proceeded against on that ground, and that it need not prove the existence of the debt, or anything in relation to it, nor the residence of the creditor. Neither need it be stated either in the application or affidavit where the contract was made, when the application states, as it did in this case, that the applicant resides . within this state and the debtors out of it, and that the attachment is sought on the ground of such non-residence. (Staples *43 v. Fairchild, 3 Coms. 41-42. In the matter of Brown, 21 Wend. 316.)
It has been usual, and deemed sufficient to satisfy the requirements of the statute, to simply state that the defendant was indebted in a sum named, over and above all discounts, “ upon contract,” without stating the terms or even the nature of the contract. All the reported cases furnish evidence that this is so, and it does not appear from the report of any case, that the jurisdiction of the officer granting an attachment, or its validity, has been assailed on that ground.
No more in that respect appears to have been stated in the application in Staples v. Fairchild (4 Coms. 44), or in the matter of Brown (21 Wend. 316.)
Is it necessary to state more in the application than that the applicant has a demand against the debtor, that it arises ex contracta, and not ex delicto f Is it necessary to otherwise state the nature of the indebtedness, than to state enough to show affirmatively that it arises ex contracta ? Sections 3 and .4 were not supposed or designed by the revisors to be a change of the previously existing statute in that respect. (3 R. S. P. 613, § 3 Rev. Notes.) Section three of 2 R. S. P. 3, is in no respect.different from § 1 of 1 R. S. p. 157, except that the latter required the applicant to simply state that the person proceeded against was “ indebted to him” in a sum to be named, and except also that 2 R. S. declares that a person may apply who has a demand arising on contract, or upon a judgment or decree rendered within this state. These words, as the notes of the Revisers suggest, are merely declaratory of the law, as it was construed and applied in 3 Caines R. 323, Lenox et al. v. Howland et al. In the latter case (decided in 1805) the court held that an attachment would lie whenever the liability originated in contract, notwithstanding that particular damages sought to be recoved, might have resulted from negligence in the execution of the contract, and that in an action against the debtor it might be necessary to declare for a misfeasance or nonfeasance. The court said, “ the law is remedial, and should be construed to embrace as many causes of action as possible.” I will not pause here to inquire why then may not a party properly say he has a demand arising upon judg *44 ment, when he has a judgment on which he can bring an action and recover in it the amount of the judgment?
It was the design of the act •“ to place the property of a debtor in trustees for the payment, not solely of debts in the legal acceptation of that, term, but of every demand contracted against his estate, as well those due to the attaching party, as to others, and in like manner to give the trustees a remedy as broad' against third persons. If we once begin to refine and make nice distinctions on this subject, no one can say where we shall land. The act will soon be repealed, or become a dead letter.” (S. C.) ■
The spirit and doctrine of this decision are, that the act is remedial, and is to be liberally construed to aid a party, having a demand against a debtor, to collect it. That the word “ demand,” the one word in § 3 of the R. S. is not synonymous with debt in the legal acceptation of that term. That the act should be so construed as to embrace as many cases as possible.
I am not aware that subsequent cases have repudiated or questioned the doctrines or spirit of the decision made, or the views expressed in Lenox v. Howland. If the considerations urged in that case ought justly to influence in deciding this, then it would seem to be not only proper, but a duty, to so interpret the phrase a “ demand arising upon judgment,” as to embrace every case of a “judgment” known to the law as such and by that name, on which a party can bring an action, which is defined to be a “ legal demand of one’s right,” and make a just claim upon it, or through it, or by reason of the matters alleged in it, appearing from it, or disclosed by it, no matter by what evidence the justice of the claim, or the fact of the indebtedness or the extent of it is to be established. Especially should such an interpretation be given in behalf of a plaintiff in a judgment, which the law coerced him to take in the precise form in which .he did take it, under the penalty of forfeiting all claim against the debtor not served, if a judgment should be perfected against those only who were served. If it be borne in mind, that the only persons against whom sections 1 and 2 authorize an attachment to be issued, are therein described and declared to be “persons indebted on contractit will be *45 obvious that the word “ contract” is there used in its most comprehensive sense, and includes within it a judgment. If it is not required to state more, respecting the nature of the demand than may be necessary to show that it does not arise ex delicto, but does arise ex contractu, then, if in this case it had been alleged to be a demand arising ex contractu, without any further specification concerning it, and the plaintiff in a suit on the bond given to discharge the attachment had declared upon a judgment rendered upon personal service of process against all the parties defendants, would he have necessarily failed to recover on account of variance? A judgment is a contract, within the most comprehensive meaning of the latter word. The word contract, as used in sections 1, 2, and 3, of 2 R., P. 3, was obviously designed to comprehend and include the'word judgment. To the objection, your application alleges that you have a demand arising on contract, and in your declaration you set up one arising on judgment, and this is a fatal variance, he might answer; a judgment is a contract within the meaning of this act. The act only requires me to swear to a sum due, over and above all just deductions, and that the demand originated in contract, no matter that the sum demanded may be claimed for misfeasance or nonfeasance, no matter what evidence must be given to establish my claim, and I am not obliged to state whether the contract was verbal or written, sealed or unsealed, or is disclosed by the record of a judgment which is jp&r se conclusive evidence of your liability according to the form of the recovery, or is only evidence of the extent of my claim, after I have established by other evidence your liability upon the contract set out in the record.
According to the views of one eminent judge, of the position and rights of a plaintiff who has recovered a judgment under the joint debtor act, the most appropriate description which he could give of his demand would be that “ it arose upon a judgment” as to one, and “ on contract,” as to the other. Jewett J. p. 54. Every judicial officer- except one who has been obliged to v express an opinion upon this act, has declared that as to the debtor served, the original cause of action was extinguished, and as to him, his liability is one arising “ upon the judgment,” and upon that exclusively. Bronson Ch. J. 4 Coms. 520. The *46 doctrine that the one is indebted on judgment, and the other on contract only, necessarily severs all joint liability of the debtors, and makes their liabilities several. One is liable on a judgment, and cannot controvert his liability; he can only show that it has been discharged subsequent to the rendition of the' judgment; the other is liable only on a contract, which must be proved. If the two are' sued jointly on the original contract, the one served may plead the judgment in bar. The other, if sued alone, may set up and prove a recovery against his co-debtor, as a bar to a suit against himself. That it would be a flat bar, if the first suit, had been only against the one served, no one will deny. It must be so still unless, in case of a judgment against joint debtors, there is some provision of the statute which authorizes a separate suit on the original contract against the debtor not served with process, if it be law that the judgment extinguishes all liability upon the original contract of the debtor served.
Oh. J. Bronson, however, solves the difficulty, not by allowing some form of remedy sanctioned by the courts through a series of years; not by invoking and making a new application of a principle just in itself, or conceded to be so; not by giving effect to any avowed purpose of the Revisers, or any supposed intention of the Legislature; not by construing the act to remedy any mischief incident to the former statute, or to obviate any complaint made against it or judicial construction put upon it, —but by the novel and bold proposition that “ the joint debtor act creates an anomaly in the law; and for the purpose of giving effect to the statute, and at the same time preserving the rights of all parties, the plaintiff must be allowed to sue on the original demand. There is no difficulty in pursuing such a course: it will work no injury to any one, and it will avoid the absurdity of allowing a party to sue on a pretended cause of action, which is in truth no cause of action at all, and then to recover on proof of a different demand.”
It seems to me a perfect and respectful answer to this to say: The joint debtor act does indeed create an anomaly in the law, as in case of persons jointly indebted it allows, a judgment against all, when process has been served only on some of them. But it allows no injustice or inconvenience to either party in *47 consequence of it. It does not sever the joint liability of the, debtors, nor leave a plaintiff in doubt what remedy he is to pursue to collect it of those not served with process. It allows an action upon the judgment against all. It continues a practice, so far as it relates to the form of the remedy, which has been known to suitors and to the profession since the earliest period that an action of debt on judgment was first brought. In such action, the plaintiff is required to prove as against the one not served all that he would have been required to prove in an action on the original contract. As against the parties served no proof is required beyond the judgment-record. There is no difficulty in pursuing such a course, for the practice has been sanctioned by the courts for over half a century. It can work no injury to any one. It will avoid the absurdity of allowing a party to be sued on a pretended cause of action, which has been extinguished by a previous suit and recovery, , which in truth as to him does not exist, and is no cause of action at all; and then to allow a recovery against him, notwithstanding express proof on his part that all liability upon the demand on which he is sued has been absolutely extinguished. It will also avoid the absurdity of overturning a long-established and well-settled practice, .which violates no principle and prejudices no right, by substituting for it an additional anomaly, which violates a principle settled so long that the memory of man runneth not to the contrary,—that a judgment against a party served with process extinguishes all liability upon the contract on which it was recovered. It will also avoid the absurdity of holding that two persons may be sued jointly and held jointly liable in action on contract, when one is liable only upon a judgment, and not upon the contract, and the other is liable on the contract only.
' Ho one will pretend that a single attachment can be issued against two jointly, when one is indebted exclusively upon a judgment against him alone, and the other is exclusively indebted upon a contract and upon that only. To authorize an attachment against two, there must be'a" contract made by the two jointly, or a judgment against both. In this case there is a judgment against Young and Baker on a contract alleged in the record to have been made by them jointly. Unless the *48 court is bound by imperative considerations of duty, in order to aid a party to escape the payment of a very large demand, .obviously unjust, it should not overturn a practice long established, nor turn a plaintiff out of court on the ground that he has no demand against Toung and Baker arising upon judgment, when he has in fact a judgment against the two, which is conclusive evidence of his right to demand payment of it from Toung, and offers to prove, as the statute declares he may do, the liability of Baker to also pay the full amount of it.
The legislative interpretation and understanding of the joint-debtor act of 1830, as evidenced by subsequent acts, supports and proceeds on the idea that an action would lie on the judgment, and that the party not served, on proof of his original liability, would be as much bound by the judgment, as the party served with process in the suit in which it was rendered. The code of procedure, as first enacted, provided that in an action against several persons jointly indebted upon a contract, the plaintiff “ may proceed against the defendant served, in the same manner as at present, and with the like effect, unless the court shall otherwise direct.” (Laws of 1848, p. 520, § 115, sub. 1.) That when such a judgment shall be recovered, those who were' not originally summoned to answer the complaint, “ may be summoned to show cause, why they should not be bound by the judgment in the same manner as if they had been originally summoned.” (Id. 328.) The summons “shall describe the judgment,” and require the defendant to show cause in twenty days, and shall be accompanied by an affidavit that “ the judgment had not been paid” and shall specify the amount due thereon. (Id. § 330,' 331.) The party summoned may by answer “ deny the judgment, set up any defence arising subsequently, and he may also make the same defence which he might have originally made to the action (except the statute of limitations). (Id. § 333.) The words in parentheses were not a part of the Code of 1848, but in the amendment made in 1849, were added to § 379 (Laws of 1849, p. 689),-and are retained in the amendments tirade in 1851. (Vide § 379 of Code as amended in 1851.)
The Code of 1849 (§ 136, sub. 1) has precisely the same provision as to the form and effect of the judgment as § 115 of *49 the Code of 1848. Section 136 of the Code, as it was amended in 1851, provides, that if the plaintiff “ recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served, and if they are subject to arrest, against the persons of the defendants.” Section 380, of the Code of 1849, and 1851, is a substitute for § 333 of the Code of 1848, and provides that the plaintiff may demur or reply to the defendant’s answer; that the latter may demur to the plaintiff’s reply, that the issues may be tried and “judgment may be given, in the same manner as in an action, and enforced by execution, or the application of the property charged to the payment of the judgment may be compelled by attachment, if necessary.”
While this proceeding to summon the party to show cause why he should not be bound by the judgment, treats the judgment as the debt, demand, br liability, which is to be enforced, the statute providing for it gives greater effect to a joint-debtor judgment, than the act of 1830. The party not served is not to be sued on the original cause of action. He is not to be proceeded against as a party indebted on contract, and cannot be. As the Code provides “ that no action shall be brought upon a judgment rendered in any court of this state, except a court of a justice of the peace, without leave of the court on good cause shown on notice to the adverse party (Laws of 1848, p. 510, § 64, and Code of 1851, § 81), it was therefore necessary that some provision should be made, by which a plaintiff having a joint-debtor judgment might proceed as a matter of course and of right to enforce it against the party not served. That proceeding is descriptive of the effect of an action under the former system upon the judgment. The purpose of that was to establish the fact of the defendant’s obligation to pay the judgment, and the effect of a recovery was a legal adjudication that such liability existed and must be satisfied.
Under the proceedings prescribed by the code the defendant not served is summoned to show cause why he should not be bound by the judgment, in the same manner as if he had been originally summoned. He is not to be sued on the contract; the summons “ shall describe the judgment,” and not the ori *50 ginal liability. The answer may deny the judgment, or set up its payment or discharge, and the defendant may make the same defence which he might have originally made to the action, except the statute of limitations. The judgment by existing laws, saves the liability to pay the judgment from being defeated by a plea of the statute of limitations to the original cause of action. The case of Bruen v. Bokee was decided in 1847, but the 4th of Denio in which it is reported, was not published until 1849 : whether the knowledge of that decision, or the obvious justice of the provision, induced the amendment made on the 11th of April, 1849, to the Code (§ 379, p. 689 of Laws of 1849), is not very important. It was made, and is now the law of the land.
Suppose a plaintiff, having a joint-debtor judgment, recovered in a suit commenced since the Code took effect, should apply for an attachment against the defendants, as non-residents, on what should his application state that his demand arose? Might he not, and must he not, if he would be technically accurate, state that he had a demand arising upon judgment ? The only thing upon- which he can bring the party not served into court, is the judgment. The debtor is to be called in to show why he should not be bound by it, and adjudged to pay it. If a party has a judgment, which, upon facts existing and susceptible of proof, the law declares the defendants hable to, and which the court will adjudge they shall pay, has he not as emphatically a demand against them, arising upon judgment, as it can be said that a plaintiff has one arising upon contract, who owns a contract, upon which the law will hold the other parties to it bound by it, and which the court will coerce them to perform ?
Can it be possible, if this is so, that a plaintiff in a joint-debtor judgment, recovered under the act of 1830, which he can show all the parties defendants are hable in justice and equity to pay, has not a demand against all arising upon judgment? From 1788 to 1830, it is conceded that a plaintiff, having such a judgment, had such a demand.
A plaintiff, recovering such a judgment, in an action commenced since the first of July, 1848 (Laws of 1848, § 391), has sneh a demand. The form of a joint-debtor judgment in *51 actions commenced between the first of January, 1830, and the first of July, 1848, was 'required to be the same in all respects, as those recovered prior to 1830.
The _ simple proposition involved in this case, when stripped of all extraneous 'considerations, is merely this, and no more: Is a plaintiff in a joint-debtor judgment, recovered under the act of 1830, which each of the defendants is justly liable to pay, and amounting, with interest, to some fifty thousand dollars, to be turned out of court with a loss of his demand, and amerced in costs, because, in stating what Ms demand was, he said it arose upon this judgment?
Has a plaintiff, who has recovered such a judgment against two joint debtors, regularly in all respects, as provided by statute, one wMch the statute calls a judgment, which is wholly owing and unpaid, one on which he can sue and recover from both the whole amount of it, a demand against both, “ arising upon judgment,” witMn the meamng of those words, as used in 2 R. S. P. 3, § ,3 ? TMs statute took effect at the same time as 2 R. S. P. 299, §§ 1 and 2. Within the meaning of those words, as used in the former statute, can it make any difference by what evidence the liability is to be established ? Whether the record is to be conclusive, prima facie, or no evidence of such liability, so long as the liability exists in fact and in law, and can be established by evidence allowed by law? By whatever evidence the liability may be established, may it be fairly and reasonably said that such a plaintiff has a demand against the two, arising upon a judgment ? That is the grave question, the ultimate decision of wMch must determine whether a plaintiff thus situated, with such a claim, conceded to be just and unpaid, is to lose his debt or recover it. By the decision to be made, the wisdom and regard for substantial rights with wMch justice is administered by the courts of the State of Hew York, are to be vindicated. An affirmative answer maintains important and conceded rights, secures to the plaintiff the payment of a large and (on the proof offered) a just debt, deprives the defendants of no defence, subjects them to the expenses of no new or intricate proceedings or remedies, embarrasses them by no surprise, no new construction of a statute, or by any departure from familiar and settled practice, *52 or a single adjudication of any -court that now exists, or ever ekisted under the authority of this .state. ,
A negative answer deprives á plaintiff of the payment of a large and just claim, after his right to collect it has been proved, by abolishing a remedy, sanctioned by a long series of deliberate and well considered adjudications; by overturning a practice so long pursued, that it was declared twenty years ago to be too well settled to have the right to follow it called in question; and by a grave judicial decision that the words, “ a demand arising upon judgment,”, cannot be satisfied with proof of any thing less than of a demand originating solely and exclusively from a judgment which is itself the liability and the sole evidence of such liability. This answer is to be given, if given at all, with the fact conceded" that .a plaintiff may have, and that this plaintiff has, a judgment—provided for, required, and declared by statute to be a judgment—on which, and the facts stated in it, both Young and Baker justly owe him the whole amount which he claims to recover, and that the facts stated in it are true in manner and form, in spirit and in substance, as they there appear and are set forth. ■ ■ I think the plaintiff, within the fair meaning- of the words as used in the statute under which his attachment was issued, has such a demand as was set forth and stated in his application'; that on the evidence given and proffered he was entitled to recover; and that the judgment of the special term should be reversed, and a new trial ordered.
■ My. brethren, upon consideration, fully concur with me in the view of the law that I have taken, and that no principle in conflict was settled by the Court of Appeals on the ■ reversal of the judgment heretofore recovered by the plaintiff in this court, in this action, notwithstanding this, they think that a second judgment should not be allowed on. the evidence on which the first one was recovered, although they think the plaintiff entitled to it by law, and that no principle adverse to his right to it has been determined by the court of last resort.
Under such circumstances, I do not see why it is- not the duty of a court required to render judgment between the parties, to render it in conformity to its clear conviction of the law, or in what respect it is discourteous to a superior tribunal to so *53 decide. Ho subordinate court, or any member of it, will hesitate to conform to any principle which the superior court may determine, or attempt to evade it. But when it reverses a judgment, as may and sometimes must , happen, without the concurrence of a majority of its members in reversing any principle upon which it may be upheld, I do not understand on what ground a subordinate court is to act upon a re-trial of the cause contrary to its own judgment of the law.